**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GARRITY POWER SERVICES LLC,<br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD, and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>    Defendants. | Civil Action No.: 2:20-cv-00269-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA,
INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.
(collectively, "Samsung") hereby respond to the Original Complaint for Patent Infringement
("Complaint") of Garrity Power Services LLC ("GPS") with the following Answer and
Affirmative Defenses.

**GENERAL DENIAL**

Unless specifically admitted below, Samsung denies each and every allegation in GPS's
Complaint.  In so doing, Samsung denies any of the allegations contained in the Complaint's
headings.

**NATURE OF THE SUIT**

1.     To the extent that the allegations of Paragraph 1 set forth legal conclusions, no
response is required.  Samsung admits that the Complaint purports to set forth a patent
infringement action against Samsung.

1

## PARTIES

2.      Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis, denies them.

3.      Samsung admits that Samsung Electronics Company, Ltd. ("SEC") is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business located at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Korea 16677.  Samsung denies all remaining allegations of Paragraph 3.

4.      Samsung admits that Samsung Electronics America, Inc. ("SEA") is a corporation organized and existing under the laws of the state of New York with its principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung denies that SEA has offices at 1301 E. Lookout Drive, Richardson, TX 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.  Samsung admits that SEA is a wholly-owned subsidiary of SEC, and that SEA sells consumer electronics goods and mobile devices in the United States. Samsung further admits that SEA can be served through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

5.      Samsung admits that SEA has authorized resellers that offer and sell one or more of the products identified in GPS's complaint in the State of Texas, including the Eastern District of Texas.  Samsung admits that Samsung-branded products can be purchased in the United States through the ecommerce website, www.samsung.com/us.  Samsung denies that SEC has authorized resellers and sales representatives that offer and sell products pertinent to the Complaint throughout the State of Texas, in this District, or to consumers throughout this District.  Samsung denies all remaining allegations of Paragraph 5.

2

## JURISDICTION, VENUE, AND JOINDER

6.      To the extent that the allegations of Paragraph 6 set forth legal conclusions, no response is required.  Samsung admits that GPS's Complaint purports to set forth a patent infringement action arising under the patent laws of the United States, Title 35 of the United States Code.

7.      Samsung admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Responding to Paragraph 8, jurisdiction is an issue of law for which no response is required.  Samsung denies all remaining allegations of Paragraph 8.

9.      To the extent that the allegations of Paragraph 9 set forth legal conclusions, no response is required.  Samsung admits that SEA is registered with the Texas Secretary of State to do business in the State of Texas.  Samsung denies all remaining allegations of Paragraph 9.

10.     To the extent that the allegations of Paragraph 10 set forth legal conclusions, no response is required.  Samsung admits that SEA has offices and transacts business in this district and that for purposes of this litigation only, and without waiving any defense of improper venue in connection with any other cause of action or claim, Samsung admits that the Complaint's alleged venue as to SEA is proper under 28 U.S.C. §§ 1400(b) and 1391(b)-(c).  Samsung denies that SEC conducts or has conducted business in the Eastern District of Texas.  Samsung denies that it has committed an act of patent infringement in the Eastern District of Texas or any other judicial district.  Samsung denies all remaining allegations of Paragraph 10.

11.     Responding to Paragraph 11, joinder is an issue of law for which no response is required.  Samsung denies all remaining allegations of Paragraph 11.

12.     Responding to Paragraph 12, joinder is an issue of law for which no response is required.  Samsung denies all remaining allegations of Paragraph 12.

13.     To the extent that the allegations of Paragraph 13 set forth legal conclusions, no response is required.  Samsung denies that it has made, sold, offered to sell, or imported into the United States infringing goods and services.  Samsung denies all remaining allegations of Paragraph 13.

14.     To the extent that the allegations of Paragraph 14 set forth legal conclusions, no response is required.  Samsung denies all remaining allegations of Paragraph 14.

## **BACKGROUND**

**A.     The '067 Patent**

15.     Samsung admits that the '067 Patent is titled "Apparatus, System and Method to Wirelessly Charge/Discharge a Battery."  Samsung also admits that the '067 Patent states on its face that it was issued by the United States Patent and Trademark Office ("USPTO") on February 27, 2018.  Samsung further admits that what purports to be a copy of the '067 Patent is attached to GPS's Complaint as Exhibit A.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and therefore denies them.

16.     To the extent that the allegations of Paragraph 16 set forth legal conclusions, no response is required.  Samsung admits that the '067 Patent identifies on its face Paul Garrity of Rockwall, Texas and Aaron Jungreis of Ra'anana, Israel as the named inventors.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16, and therefore denies them.

4

17.     To the extent that the allegations of Paragraph 17 set forth legal conclusions, no response is required.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies them.

18.     Samsung admits that the '067 Patent states that it is directed to wirelessly charging and/or discharging a battery.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18, and therefore denies them.

**B.     The Purported Inventors and Related Companies**

19.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies them.

20.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies them.

21.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies them.

22.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

26.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

27.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

28.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

29.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies them.

30.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies them.

**C.     GPS's Allegations Regarding the Accused Products**

31.     Samsung admits that the specific products GPS listed in Paragraph 33 of the Complaint are sold in the United States.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31.

32.     Samsung admits that at least some of the products listed in Paragraph 33 include the Wireless PowerShare feature.  Samsung denies the remaining allegation in Paragraph 32 because GPS has not sufficiently identified what products are accused to enable a response.

33.     Samsung admits that the Accused Products in Paragraph 33 are branded as "Samsung" products.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33, and therefore denies them.

34.     Samsung admits that the Wireless PowerShare feature has been included in promotional activities in the United States.  Samsung lacks knowledge or information sufficient

6

to form a belief as to the truth of the remaining allegations of Paragraph 34, and therefore denies them.

**D.      GPS's Allegations that Samsung Had Notice of the '067 Patent**

35.     Samsung admits that starting on or around April 11, 2019, and for a period thereafter, a third party that later disclosed it represented GPS communicated with attorney Jong Choi, attorney Michelle Yang, and attorney Yooseok Kim that handle intellectual property matters.  Samsung admits that the Complaint allegedly describes a series of communications in the paragraphs following Paragraph 35.  Samsung denies the remaining allegations of Paragraph 35.

36.     Samsung admits that GPS's representative sent Mr. Choi a copy of the '067 Patent (as an attachment) on April 11, 2019.  Samsung denies the remaining allegations of Paragraph 36 because they mischaracterize the substance of the communications.

37.     Samsung admits that Mr. Choi communicated with GPS's representative regarding the '067 Patent.  Samsung denies the remaining allegations of Paragraph 37.

38.     Samsung admits that GPS's representative offered to share a claim chart. Samsung denies that GPS's representatives offered to provide a claim chart showing how the '067 Patent's claims covered Defendants' products.  Samsung admits that Mr. Choi declined the offer for a claim chart.  Samsung admits that on June 14, 2019, Mr. Choi requested certain information from GPS for the purpose of drafting a nondisclosure agreement ("NDA").  Samsung also admits that GPS's representative supplied the requested information.  Samsung further admits that it did not provide GPS with a draft NDA.  Samsung denies all remaining allegations of Paragraph 38 because they mischaracterize the substance of the communications.

7

39.     Samsung admits that on or around August 12, 2019, Mr. Choi informed GPS's representative that he had "heard that Samsung is not interested in the technology at issue at this time."  Samsung denies all remaining allegations of Paragraph 39.

40.     To the extent that the allegations of Paragraph 40 set forth legal conclusions, no response is required.  Samsung denies all remaining allegations of Paragraph 40.

41.     Samsung admits that SEA uses, sells, offers for sale, and imports into the United States the Galaxy S10 line.  Samsung denies that SEC makes, uses, sells, offers for sale, within the United States or imports into the United States the Galaxy S10 line.  Samsung denies that any of the Accused Products infringe the '067 Patent.  Samsung denies all remaining allegations of Paragraph 41.

42.     Samsung admits that SEA promoted the Wireless PowerShare feature in the United States, including through a television advertisement entitled "Galaxy S10: Wireless PowerShare."  Samsung denies that SEC promoted the Wireless PowerShare feature in the United States.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 and therefore denies them.

43.     Samsung admits that as late as August of 2019, it was advertising the Wireless PowerShare feature.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 and therefore denies them.

44.     Samsung admits that it supplied pre-release models of the Galaxy Note 10 line of devices to various media outlets and the like.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and therefore denies them.

8

45. Samsung admits that it has spent money promoting devices that include the Wireless PowerShare feature. Samsung further admits that SEA has earned revenue based on sales of devices that include the Wireless PowerShare feature in the United States. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and therefore denies them.

46. To the extent that the allegations of Paragraph 46 set forth legal conclusions, no response is required. Samsung denies all remaining allegations of Paragraph 46.

**<u>COUNT ONE</u>**

47. To the extent that the allegations of Paragraph 46 set forth legal conclusions, no response is required. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and therefore denies them.

48. Samsung denies the allegations set forth in Paragraph 48.

49. Samsung admits that there is an exemplary chart attached to the Complaint as Exhibit B purportedly alleging the Galaxy S10 device infringes the '067 Patent. Samsung denies that Exhibit B demonstrates infringement of the '067 patent. Samsung denies that any of its products infringe the '067 Patent. Samsung denies all remaining allegations of Paragraph 49.

50. Samsung denies the allegations set forth in Paragraph 50.

51. Samsung denies that any of the Accused Products infringe the '067 Patent. Samsung denies the remaining allegations of Paragraph 51.

52. To the extent that the allegations of Paragraph 52 set forth legal conclusions, no response is required. Samsung denies the remaining allegations of Paragraph 52.

53. Samsung denies the allegations set forth in Paragraph 53.

54.     To the extent that the allegations of Paragraph 54 set forth legal conclusions, no response is required.  Samsung denies the remaining allegations of Paragraph 54.

55.     Samsung admits that the video identified in Paragraph 55 was posted to the Samsung US YouTube channel, and that the Samsung US YouTube channel has approximately 1.92 million subscribers.  Samsung denies the remaining allegations of Paragraph 55.

56.     Samsung denies the allegations set forth in Paragraph 56.

57.     Samsung denies the allegations set forth in Paragraph 57.

58.     Samsung denies the allegations set forth in Paragraph 58.

59.     Samsung denies the allegations set forth in Paragraph 59.

60.     Samsung denies the allegations set forth in Paragraph 60.

61.     Samsung denies the allegations set forth in Paragraph 61.

62.     Samsung denies the allegations set forth in Paragraph 62.

63.     Samsung denies the allegations set forth in Paragraph 63.

64.     Samsung denies the allegations set forth in Paragraph 64.

65.     Samsung denies the allegations set forth in Paragraph 65.

66.     Samsung denies the allegations set forth in Paragraph 66.

## PRAYER FOR RELIEF

67.     Samsung denies that GPS is entitled to the relief sought in its Complaint. Samsung requests that the Court deny all such relief sought by GPS in its entirety and with prejudice and requests that GPS take nothing.

## DEMAND FOR JURY TRIAL

68.     No response is required for GPS's demand for a jury trial.

10

## SAMSUNG'S AFFIRMATIVE DEFENSES

69.     Samsung asserts the following defenses to GPS's Complaint.  Samsung further reserves the right to assert additional defenses based on information learned or obtained during discovery.

### FIRST DEFENSE
### (Failure to State a Claim)

70.     GPS fails to state a claim against Samsung in the Complaint upon which relief can be granted.

### SECOND DEFENSE
### (Non-Infringement of the '067 Patent)

71.     GPS is not entitled to any relief against Samsung because Samsung does not and has not infringed any valid and enforceable claim of the '067 Patent under any theory of infringement.

72.     Independent claim 1 of the '067 Patent requires "a first magnetic core piecepart having a first metallic coil encircling at least a portion thereof . . . ." and independent claim 15 of the '067 Patent requires "a wireless battery magnetic core piecepart" and "a first metallic coil encircling at least a portion of said wireless battery magnetic core piecepart . . . ."

73.     GPS's Complaint attaches a chart as Exhibit B that allegedly depicts, *inter alia*, a wireless power coil from a Samsung Galaxy S10.  The chart includes allegations that the wireless power coil depicted contains a first magnetic core piecepart having a first metallic coil encircling at least a portion thereof.  Samsung denies these allegations.

11

74.     Samsung denies that, within the meaning of claim 1 and claim 15, the Samsung Galaxy S10 and other Accused Products contain a "magnetic core piecepart" with a "coil encircling at least a portion" thereof.

75.     For at least these reasons, the Accused Products do not infringe any asserted claim of the '067 Patent, either literally or under the doctrine of equivalents.

## THIRD DEFENSE
### (Invalidity of the '067 Patent)

76.     Each and every claim of the '067 Patent is invalid for failing to meet one or more of the requirements of Title 35, United States Code, including but not limited to, Sections 101, 102, 103, and/or 112, and/or the rules, regulations, and laws pertaining thereto.

## FOURTH DEFENSE
### (Prosecution History Estoppel)

77.     GPS is estopped from construing or interpreting the claims of the '067 Patent in such a way as may cover and/or include, either literally or under the doctrine of equivalents, Samsung's products, processes, services, and/or other activities, and/or has waived any right to do so by reason of cancellation, limitation, or abandonment of claims, admissions, arguments, amendments, and/or representations made by or on behalf of the applicants in any proceedings before the United States Patent and Trademark Office.

## FIFTH DEFENSE
### (Ensnarement)

78.     GPS's claims are barred or limited in whole or in part by the doctrine of ensnarement.

12

**SIXTH DEFENSE**
**(Equitable Doctrines)**

79.     GPS's claims against Samsung are barred by the equitable doctrines of waiver,

estoppel, acquiescence, and/or unclean hands.

**SEVENTH DEFENSE**
**(Limitation on Damages)**

80.     GPS's right to seek damages, if any, is limited by 35 U.S.C. §§ 286, 287, and/or

288.

**EIGHTH DEFENSE**
**(No Willful Infringement))**

81.     GPS's claims for enhanced damages and an award of fees and costs against

Samsung have no basis in fact or law and should be denied.

**NINTH DEFENSE**
**(Not an Exceptional Case)**

82.     GPS is not entitled to a finding that this case is exceptional warranting attorneys'

fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**TENTH DEFENSE**
**(License; Exhaustion)**

83.     GPS's claims for relief are precluded, in whole or in part, to the extent one or

more of the Samsung products accused of infringing the '067 Patent, and/or components thereof,

are subject to the express or implied licenses to the '067 Patent and/or under the doctrine of

patent exhaustion.

13

## ELEVENTH DEFENSE
## (Adequate Remedy at Law)

84.     If GPS is entitled to any remedy, GPS has an adequate remedy at law, and cannot satisfy the requirements applicable to a request for injunctive relief.

## TWELFTH DEFENSE
## (Reservation of Rights)

85.     Samsung reserves the right to add any additional defenses that discovery may reveal.

December 22, 2020

Respectfully submitted,

By: */s/ Allan M. Soobert*
Allan M. Soobert (VA Bar No. 35817)
allansoobert@paulhastings.com
Jeffrey A. Pade (VA Bar No. 45725)
jeffpade@paulhastings.com
(*pro hac vice* pending)
PAUL HASTINGS LLP
2050 M Street N.W.
Washington D.C., 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with L.R. 5.1(d).  Plaintiff's counsel of record was served with a true and correct copy of the foregoing document by electronic mail on December 22, 2020.


December 22, 2020

*/s/ Melissa R. Smith*
