IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GARRITY POWER SERVICES LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00269-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD, | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Garrity Power Services LLC's ("Garrity") Motion to Compel Production of Damages Documents (the "Motion to Compel"). (Dkt. No. 117). Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.'s ("SEA") (collectively, "Defendants") have filed the responsive briefing. (Dkt. No. 120). Having considered the Motion to Compel and subsequent briefing, the Court is of the opinion that Garrity's Motion to Compel should be **DENIED**.

### I.  BACKGROUND

On September 1, 2021—the close of fact discovery in this case—Garrity filed the instant omnibus Motion to Compel, which raised several discovery disputes related to damages. (Dkt. No. 117). In the Motion to Compel, Garrity sought an order compelling Defendants to produce:

**Item 1**: More granular Cost of Goods Sold ("COGS") information from SEA;

**Item 2**: Sales data from SEC regarding its sales to SEA;

**Item 3**: Contracts and agreements between SEC and SEA regarding the sale of the accused products; and

**Item 4**: Forecasts of revenues and profits for the accused products.

(*Id.* at 7).

Before SEC and SEA responded to the Motion to Compel, Garrity withdrew all but one section of its Motion to Compel. (Dkt. No. 123). Now, Garrity's Motion to Compel is limited to only Item 3 (contracts and agreements between SEC and SEA regarding the sale of the accused products).

Before the Motion to Compel was filed, the parties engaged in discussions regarding the aforementioned information. (*E.g.*, Dkt. Nos. 126-1, 126-2, 126-3, 126-4). As is typically the case in discovery disputes, the parties attempted to engage in horse-trading where Garrity would withdraw some disputes if Defendants produced certain information Garrity found most important. (Dkt. No. 126-2). In particular, Garrity agreed that if Defendants produced more detailed financial data (Items 1 and 2, above), Garrity would drop its demand for the SEC/SEA contracts (Item 3). (Dkt. Nos. 126-1, 126-2). Defendants acknowledged this agreement. (Dkt. No. 126-3). Nevertheless, Garrity maintains its Motion to Compel regarding Item 3.

## II. DISCUSSION

In support of its Motion to Compel, Garrity argues that any agreements between Defendants "may set forth information relating to how the parties account for such sales and recognize/record/split profit for the Accused Products." (Dkt. No. 117 at 6). Garrity concludes, without explanation, that "[t]here are an unlimited number of potential provisions in such agreements that could bear on the *Georgia-Pacific* factors." (*Id.*).

Defendants respond that Garrity agreed to withdraw its demand for any SEC/SEA agreements if Defendants provided more detailed financial data. (Dkt. No. 126 at 3–6). Defendants argue that Garrity acknowledged that Defendants produced this detailed financial data by withdrawing all other aspects of the Motion to Compel. (*Id.* at 1). Defendants also argue that

2

any splitting and recording of profit for the accused products between Defendants (Garrity's relevance argument for the SEA/SEC contracts) can be ascertained from the detailed financial documents Defendants have already produced. (*Id.* at 6–7). Thus, Defendants argue, any SEC/SEA agreements are cumulative.

Having reviewed the communications and correspondence between the parties, the Court is persuaded that Garrity did affirmatively agree to drop its demand for the SEC/SEA agreements in exchange for the additional financial data, which was then produced. Garrity cannot now ignore its agreement. The Court expects the parties to approach discovery as a cooperative and collaborative undertaking. A critical part of that effort is coming to and maintaining agreements to narrow or resolve issues before they reach the Court. Garrity fell well short of that commitment here by filing an omnibus motion to compel on the deadline and then withdrawing all but a single section—which Garrity had previously agreed to forego in exchange for additional data.

The Court also finds that the SEC/SEA agreements are of little additional value. The information Garrity sought to obtain from those agreements (profit of the accused products between Defendants) can be ascertained from the additional financial documents Garrity requested and received. Indeed, Garrity's own motion admits that it seeks the SEC/SEA agreements because of "the games Samsung is playing with the production of financial data." (Dkt. No. 117 at 6). In withdrawing all other sections of its Motion to Compel, Garrity effectively admits that it received the additional financial data it requested. The Court is unwilling to reopen fact discovery for cumulative information, especially in light of Garrity's commitments and Defendants' reliance on and actions consistent with those agreements.

### III.   CONCLUSION

For the reasons stated herein, Garrity's Motion to Compel is **DENIED**.

**So ORDERED and SIGNED this 24th day of September, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE