IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GARRITY POWER SERVICES LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00269-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD, | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung Electronics Co. Ltd and Samsung Electronics America, Inc.'s (collectively, "Defendants") Opposed Motion for Leave to Amend Invalidity Contentions (the "Motion"). (Dkt. No. 122). Having considered the Motion and for the reasons set forth herein, the Court is of the opinion that it should be **GRANTED-AS-MODIFIED**.

**I.    BACKGROUND**

On August 17, 2020, Plaintiff Garrity Power Services LLC ("Plaintiff") filed the above-captioned case against Defendants. (Dkt. No. 1). On February 8, 2021, the Court entered a Docket Control Order, which set a March 3, 2021 deadline to comply with P.R. 3-3 and 3-4. (Dkt. No. 33 at 4). A *Markman* hearing was held before Magistrate Judge Payne on September 28, 2021. (Dkt. No. 96). Fact discovery closed on September 1, 2021. (Dkt. No. 112 at 3). Defendants served the amended invalidity contentions in question on August 31, 2021 (Dkt. No. 122 at 2), which also was before expert discovery closed on September 24, 2021. (Dkt. No. 112 at 3).

## II.     LEGAL STANDARD

Other than as expressly permitted in P.R. 3-6(a), amendment or supplementation of Invalidity Contentions may be made only by order of the Court, which shall be entered only upon a showing of good cause.  P.R. 3-6(b).  "Courts routinely consider four factors to determine whether good cause has been shown: '(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.'" *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123, 2021 WL 2187978, at *2 (E.D. Tex. May 28, 2021) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## III.    DISCUSSION

Defendants argue that at least three factors favor granting its Motion.  The Court agrees with respect to Defendants' previously disclosed invalidity theories involving the Fulton Innovation eCoupled Two-Way Charging System (the "Fulton System").  However, as explained below, the Court disagrees with respect to Defendants' previously undisclosed obviousness theories involving the Fulton System.  (Dkt. No. 122-3 at 7) (Items 273–81).

### A.      Diligence

Defendants argue that they were diligent in pursuing information related to the Fulton System.  Defendants argue that they believed Mr. David Baarman[1] would have had possession of the Fulton System, but he was eventually unable to locate it.  (Dkt. No. 122 at 9).  After their efforts with Mr. Baarman fell short, Defendants eventually subpoenaed Amway—a related

---

[1] Mr. Baarman was previously a Fulton Innovation employee, but Defendants also retained him in this case to conduct prior art searches.  (Dkt. No. 122 at 3).

company to the now-defunct Fulton Innovation—in mid-July. (*Id.*). Defendants argue that they were informed on August 11 that Amway had found technical documentation and the Fulton System in response to Defendants' subpoena. (*Id.*). Defendants then conducted a lab analysis of the Fulton System and the parties deposed Mr. Baarman and Mr. Moes[2] as part of discovery into the Fulton System. (Dkt. No. 122 at 5–7). Defendants argue that these events occurred before the close of fact and expert discovery. (*Id.* at 7–8).

Plaintiff responds that Defendants have known about the Fulton System since at least February 28, 2021, which is three days before Defendants' invalidity contentions were due. (Dkt. No. 128 at 9). Plaintiff argues that Defendants have not presented any information related to their diligence before the March 3 invalidity contention deadline. (*Id.*). Plaintiff also argues that Defendants did not exercise diligence after the March 3 deadline because "Defendants and Mr. Baarman did not need all of March, April, May and part of June to determine that Mr. Baarman did not have the Fulton device." (*Id.* at 10).

Defendants identified the Fulton System in the invalidity contentions served on March 3, 2021. In other words, Defendants put Plaintiff on notice of the Fulton System in accordance with the Court's Docket Control Order. The Court is not persuaded by Plaintiff's argument that Defendants must show they were diligent in locating a prior art system that was located and disclosed before the invalidity contention deadline. In support of its position, Plaintiff cites *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, No. 2:20-cv-00333, Dkt. No. 52 at *2–3 (E.D. Tex. June 30, 2021). In *Ahren Rentals*, the prior art reference was discovered ***after*** the invalidity contention deadline and consequently the Court noted that the movant must show it was diligent in searching for the prior art ***before*** the deadline. *Id.* The facts of this current case are different.

---

[2] Mr. Ben Moes is another individual with knowledge of the Fulton System and could explain the technical documents related to the Fulton system. (Dkt. No. 122 at 6).

In this case, Defendants located and disclosed the Fulton System *before* the invalidity contention deadline. While defendants asserting invalidity should exercise diligence to complete third party discovery as quickly as possible, the P.R. 3-3 and 3-4 disclosure deadlines are not a *de facto* deadline on third party discovery. Indeed, Defendants were attempting to avoid third-party discovery by locating the information through its retained consultants.

With respect to the period after the invalidity contention deadline, the Court finds that Defendants' conduct does condemn its Motion. Defendants provided a detailed timeline of their efforts to locate and obtain additional information on the Fulton System. (Dkt. No. 122 at 2). Although there are time periods where Defendants could have acted with more promptness, the Court recognizes the challenges with locating third-party information—especially from now-defunct companies. Defendants contacted numerous individuals and issued several subpoenas to locate additional information on the Fulton System. These efforts began shortly after Defendants learned of the system and continued until they ultimately located the information. The Court finds, under these specific facts, that this factor weighs in favor of granting the Motion.

## B.     Importance

Defendants argue that this factor favors their Motion because prior art references that invalidate asserted patents are important. (Dkt. No. 122 at 12). Defendants argue that "the Fulton System is the centerpiece of Samsung's invalidity defense and is likely the most probative evidence of invalidity in the record." (*Id.*).

Plaintiff responds that Defendants' arguments are conclusory and that without the Fulton System, "Defendants have ample art to mount an invalidity defense and there is no showing why Fulton is more important than any of the other cited references." (Dkt. No. 128 at 14).

In this case, Defendants acknowledged the importance of the prior art by disclosing it in their initial contentions and expending efforts to locate the Fulton System to supplement its

4

contentions with more than publicly available information. Although Plaintiff is correct that conclusory statements on the importance of prior art used to invalidate an asserted patent are, on their own, not enough, Defendants have presented more than only conclusory statements. Accordingly, the Court finds this factor weighs in favor of granting the Motion.

### C. Prejudice

Defendants argue that Plaintiff will suffer little, if any, prejudice if the Court grants their Motion. (Dkt. No. 122 at 13). In particular, Defendants argue that Plaintiff knew of the third-party discovery before the close of fact discovery and before Defendants' opening expert report on invalidity. (*Id.*). Defendants also argue that both Plaintiff and Defendants deposed Messrs. Moes and Baarman regarding the Fulton System. (*Id.*). Defendants contend that the Fulton System will be in the case regardless because it was included in Defendants' original invalidity contentions. (*Id.* at 14). Defendants argue that the amended contentions do not add new prior art—only newly discovered evidence. (*Id.*).

Plaintiff argues that it will be prejudiced if the Court grants Defendants' Motion because the amendment comes after claim construction, after fact discovery, and during expert discovery. (Dkt. No. 128 at 12). Plaintiff argues that the prejudice is evident from its expert reports where it had to respond to Defendants' theories based on the new evidence and "address the imprecise and uncorroborated testimony of Mr. Baarman and Mr. Moes." (*Id.*). Plaintiff also argues that Defendants have changed their invalidity theories and points to a redline of the original and amended contentions as support. (*Id.*). Plaintiff also argues that it would be prejudicial to allow additional invalidity theories, including additional obviousness charts and combinations at this stage. (*Id.*). Plaintiff also contends it narrowed its case in reliance on Defendants' contentions being set and that it did not have an opportunity to depose the individual, Mr. Van Den Brink, who led Defendants to Amway. (*Id.*).

Plaintiff has been on notice of the Fulton System since at least Defendants' timely original invalidity contentions—which were well before *Markman*. The fact that Plaintiff would have to respond to invalidity theories related to the Fulton System was already baked into this situation. Indeed, it would be prejudicial for Defendants to not be able to rely on third-party evidence of a timely disclosed invalidity theory. The Court is not persuaded by Plaintiff's claims of "imprecise and uncorroborated testimony" by witnesses knowledgeable about the Fulton System. Counsel for Plaintiff was present at those depositions and those depositions were taken before the close of expert discovery. Plaintiff's expert will now be able to rebut that testimony, if warranted. Further, Plaintiff's reliance on the "redlines" of Defendants' contentions are unpersuasive. Those redlines show that Defendants bolstered—but did not change—their invalidity theory with respect to the Fulton System with the additional evidence. (Dkt. No. 122-2). Plaintiff has been on notice of the Fulton System since Defendants' original contentions, and accordingly, the Court is not persuaded that Defendants' citation to additional evidence during expert discovery is prejudicial.

However, Defendants' additional obviousness combinations are a different story. Defendants' presented nine additional obviousness combinations with the Fulton System—well after the invalidity contention deadline had passed. These were not previously brought home to Plaintiff by Defendants. The Court is not persuaded by Defendants' argument that these combinations are not prejudicial simply because the prior art was previously disclosed to Plaintiff in Defendants' original invalidity contentions. The P.R. 3-3 and 3-4 disclosures exist to provide a patentee with notice of the invalidity theories Defendant will advance in the case. Defendants' argument would require a patentee to assume an infinite number of combinations. This and Defendants' tardy disclosure of additional combinations fails to provide the patentee with fair notice as to Defendants' late-breaking obviousness combinations. Introducing additional

obviousness combinations goes well beyond amending invalidity contentions to provide additional evidence as to known theories in light of third-party discovery. Accordingly, the Court finds that permitting Defendants' to amend its contentions to add additional obviousness combinations would be materially prejudicial and unfair.

### D. Continuance

Neither party requests a continuance and both parties agree this factor is neutral. (Dkt. No. 122 at 15; Dkt. No. 128 at 15). The Court agrees.

### IV. CONCLUSION AND ORDER

Accordingly, the Court finds that that Plaintiff will not be prejudiced by Defendants' amendments to their previously disclosed invalidity theories related to the Fulton System and that Plaintiff will be prejudiced if Defendants are permitted to amend their invalidity contentions to add previously undisclosed obviousness combinations related to the Fulton System.

For these reasons set forth above, Defendants' Motion is hereby **GRANTED-AS-MODIFED**. Accordingly, it is **ORDERED** that Defendants have leave to amend their invalidity contentions to add additional evidence related to previously disclosed invalidity positions for the Fulton System. Defendants' Motion is **DENIED** with respect to Defendants' newly revised and previously undisclosed obviousness theories related to the Fulton System. (Dkt. No. 122-3 at 7). Accordingly, Items 273–81 of Dkt. No. 122-3 are hereby **STRICKEN**.

**So Ordered this**
**Oct 19, 2021**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE