**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GARRITY POWER SERVICES LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-cv-00269-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | JURY TRIAL DEMANDED |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' MOTIONS *IN LIMINE***

# TABLE OF CONTENTS

**Page**

I.      MIL NO. 1:  NO AMPLIFYING OR OTHERWISE EXPOUNDING  ON THE
        BURDEN OF PROOF ................................................................................ 1

II.     MIL NO. 2:  NO REFERENCING OR CRITICIZING  THE IDENTITY,
        PRESENCE, OR ABSENCE OF CORPORATE REPRESENTATIVES, OR
        PARTIES' EMPLOYEES OR OFFICERS IN THE COURTROOM.............................. 2

III.    MIL NO. 3:  NO REFERENCES TO OR ARGUMENT REGARDING THE
        EXPERT REPORT DRAFTING PROCESS AND COMMUNICATIONS
        BETWEEN AN EXPERT AND COUNSEL .................................................... 3

IV.     MIL NO. 4:  NO EVIDENCE, ARGUMENT, OR SUGGESTION RELATING
        TO DOCUMENTS ALLEGEDLY NOT PRODUCED DURING DISCOVERY ........... 4

V.      MIL NO. 5:  NO EVIDENCE, TESTIMONY, OR ARGUMENT CONTRARY
        TO THE CLAIM CONSTRUCTIONS IN THIS CASE .................................... 5

VI.     MIL NO. 6:  NO REFERENCES TO THE CONFIDENTIALITY
        DESIGNATION OF ANY DOCUMENT ........................................................ 7

VII.    MIL NO. 7:  NO EVIDENCE, ARGUMENT, OR SUGGESTION THAT
        SAMSUNG ███████████████████████████████ ...................... 8

VIII.   MIL NO. 8:  NO INFRINGEMENT THEORIES NOT DISCLOSED IN
        INFRINGEMENT CONTENTIONS.................................................................. 9

IX.     MIL NO. 9:  NO EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING
        LICENSES THAT THE PARTIES AGREE ARE NOT COMPARABLE ................... 10

X.      MIL NO. 10:  NO EVIDENCE, ARGUMENT, OR TESTIMONY THAT A
        FAILURE TO AWARD DAMAGES OR AN INVALIDITY FINDING COULD
        ECONOMICALLY INJURE GARRITY ........................................................ 11

XI.     MIL NO. 11:  NO REFERENCE TO TRESPASS ........................................ 12

XII.    MIL NO. 12:  NO EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING
        ███████████████████████ .................................................... 12

XIII.   MIL NO. 13:  NO REFERENCES TO "VAPORWARE" ............................... 14

XIV.    MIL NO. 14:  NO REFERENCE TO OUT-OF-CONTEXT ANALOGIES
        REGARDING THE "ENCIRCLING" CLAIM TERM ................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Acorn Semi, LLC v. Samsung Elecs. Co.*,
   No. 2:19-cv-347-JRG, Dkt. 331 (E.D. Tex. Apr. 29, 2021) .......................................1, 3, 5, 10

*CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*,
   No. 2:10-cv-132, 2012 WL 4761739 (E.D. Tex. Sept. 20, 2012)...........................................10

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
   6:11-cv-00201-JRG, Dkt. 787 (E.D. Tex. May 26, 2017).......................................................10

*Genband US LLC v. Metaswitch Networks Corp.*,
   No. 2:14-cv-33-JRG-RSP, 2015 WL 12911530 (E.D. Tex. Sept. 30, 2015)............................4

*Immersion Corp. v. Samsung Elecs. Am., Inc.*,
   No. 2:17-cv-00572-JRG, Dkt. 188 (E.D. Tex. May 2, 2019) ....................................................2

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
   694 F.3d. 51 (Fed. Cir. 2012)................................................................................................10

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
   No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016)...........................8

*Patent Category Corp. v. Target Corp.*,
   No. CV 06-7311 CAS, Dkt. 143 (C.D. Cal. July 17, 2008) ....................................................7

*Ray v. Ford Motor Co.*,
   No. 3:07-cv-175-WHA-TFM, 2011 WL 6183099 (M.D. Ala. Dec. 13, 2011) ........................2

*Solas OLED Ltd. v. Samsung Display Co.*,
   No. 2:19-cv-152-JRG, Dkt. 279 (E.D. Tex. Sept. 30, 2020) ....................................................4

*The Hillman Grp, Inc. v. KeyMe LLC*,
   No. 2:19-cv-00209-JRG, Dkt. 284 (E.D. Tex. Mar. 30, 2021)...............................................12

## Other Authorities

Fed. R. Civ. P. 26(a)(2)(b)(i)–(iii) ...............................................................................................10

Fed. R. Civ. P. 26(b)(4)(B) & (C)...................................................................................................3

Fed. R. Evid. 401 ...................................................................................................................2, 3, 13

Fed. R. Evid. 402 ....................................................................................................................... *passim*

Fed. R. Evid. 403 ................................................................................................................ *passim*

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") move the Court *in limine* to enter an order instructing Garrity Power Services LLC ("Plaintiff" or "Garrity"), its counsel, representatives, and any witness tendered by Plaintiff (whether live or by deposition) to refrain from referring to, in any way, either directly or indirectly, any matters which are the subject of this motion without first approaching the bench outside the hearing of the jurors and obtaining a favorable ruling regarding the admissibility and relevance of the matters sought to be presented to the jury. Defendants further move the Court to enter an order:  (1) instructing Plaintiff's counsel to discuss this motion *in limine* with all of Plaintiff's witnesses before they testify; and (2) that such information be redacted from otherwise admissible evidence contained in documents, papers and things used by Plaintiff as exhibits and/or evidence in this case.

## I.      MIL NO. 1:  NO AMPLIFYING OR OTHERWISE EXPOUNDING ON THE BURDEN OF PROOF

The parties should be prohibited from amplifying or otherwise expounding on the Court's instructions on the burden of proof.  Garrity has already agreed to a motion *in limine* prohibiting contradicting or redefining the Court's instructions on the burden of proof.  But Garrity refused to agree not to "amplify or otherwise expound" on the Court's instructions on the burden of proof.  The Court, however, provides the law governing this case—including the burden of proof—and neither party should be permitted to amplify or otherwise expound on that burden of proof.  This Court has recently granted a motion *in limine* prohibiting such improper argument and stated that "[n]either party shall **amplify**, contradict, redefine, or **otherwise expound** on the Court's instructions on the burden of proof."  *Acorn Semi, LLC v. Samsung Elecs. Co.*, No. 2:19-cv-347-JRG, Dkt. 331 ("*Acorn*") at 21 (E.D. Tex. Apr. 29, 2021) (Defendants' MIL 12) (emphasis added).  Samsung respectfully requests that the Court issue the same order here.

## II.     MIL NO. 2:  NO REFERENCING OR CRITICIZING THE IDENTITY, PRESENCE, OR ABSENCE OF CORPORATE REPRESENTATIVES, OR PARTIES' EMPLOYEES OR OFFICERS IN THE COURTROOM

The Court should preclude the parties from raising any argument, evidence, testimony, insinuation, reference, or assertion regarding (1) the identity of Samsung's corporate representatives or the presence in or absence from the courtroom of Samsung's corporate representatives, employees, or officers; or (2) the presence or absence from the courtroom of any party's corporate representatives, employees, or officers.[1]  None of these issues "has any tendency to make a fact more or less probable than it [otherwise] would be."  Fed. R. Evid. ("FRE") 401.  Courtroom attendance of non-witness party employees is not a "fact or consequence in determining the action."  *Id.*  Any reference to the absence of any particular Samsung or Garrity employees is only likely to incite the jury based on irrelevant considerations.  FRE 402.  Given the business demands of the parties' executives, suggesting to the jury that any Samsung executive's absence, or any Garrity executive's presence, or vice versa, in the courtroom somehow bears on the merits of the case would be unfairly prejudicial.  FRE 403.

Courts have on multiple occasions granted similar motions *in limine*, finding the topic irrelevant for the jury and that any probative value would be substantially outweighed by the danger of unfair prejudice and jury confusion.  *See, e.g.*, *Immersion Corp. v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-00572-JRG, Dkt. 188 at 6 (E.D. Tex. May 2, 2019); *Ray v. Ford Motor Co.*, No. 3:07-cv-175-WHA-TFM, 2011 WL 6183099, at *6 (M.D. Ala. Dec. 13, 2011) ("The court finds that the presence or absence of a corporate representative will not make the existence

---

[1] Samsung would exempt from this motion introduction to the jury of each party by such party's counsel during opening statements.  Additionally, Samsung anticipates that the Court will explain that certain witnesses (including specifically named witnesses) are appearing by video deposition.  Samsung does not seek to exclude these two types of references to the jury.

of any fact necessary to the Plaintiffs' claims any more or less probable, and is therefore irrelevant."). This Court has recently granted such a motion *in limine*. *Acorn* at 22 (Defendants' MIL 13) ("Neither party is permitted to make 'empty chair' arguments" or "identify employees or representatives who are present in the courtroom but not participating in the trial."). Accordingly, the Court should preclude the parties from introducing such information except as noted in footnote 1 or as otherwise necessary for the mechanics of trial.

## III.    MIL NO. 3:  NO REFERENCES TO OR ARGUMENT REGARDING THE EXPERT REPORT DRAFTING PROCESS AND COMMUNICATIONS BETWEEN AN EXPERT AND COUNSEL

The parties should be excluded from making any references or introducing any evidence, testimony (including expert testimony), arguments, or inquiries attempting to elicit testimony regarding the expert report drafting process, as well as any communications between experts and counsel that are protected by Federal Rule of Civil Procedure 26(b)(4)(B) and (C).[2]  Such information is irrelevant to any issue to be decided by the jury pursuant to FRE 401, and the value (if any) of any reference thereto would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury because such allegations have no bearing on any issue the jury is being asked to decided.  *See* FRE 403.  This Court has recently granted a motion *in limine* precluding such testimony, evidence and argument.  *Acorn* at 22 (Defendants' MIL 15) ("[T]here should be no testimony, evidence, or argument on the mechanics of the expert report drafting process, including any consultation with lawyers.").  Samsung respectfully requests that the Court issue that order here.

---

[2] This motion is not intended to preclude questioning experts regarding unprotected facts that they did or did not consider in forming their opinions, for example, whether they were offered an opportunity to inspect or view a device or to consider any other relevant evidence produced in this case or in the public domain.

## IV.    MIL NO. 4:  NO EVIDENCE, ARGUMENT, OR SUGGESTION RELATING TO DOCUMENTS ALLEGEDLY NOT PRODUCED DURING DISCOVERY

The Court should preclude any reference to purportedly unproduced documents by Samsung.  *See, e.g.*, *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2015 WL 12911530, at *4 (E.D. Tex. Sept. 30, 2015).  Garrity has already agreed to not raise discovery disputes.  But Garrity is reserving the right to argue to the jury that Samsung failed to produce documents that were relevant or necessary to Garrity's case.  The proper manner to raise that issue, however, was via a motion to compel during discovery—which Garrity did in fact do with respect to certain documents and information (Dkt. 117), but not the ones at issue here.[3] Had Garrity believed that additional documents or information were necessary it should have included them in a motion to compel.  Having failed to do so, any such argument by Garrity at trial would be unfairly prejudicial and pose a serious risk of distracting the jury from the merits of the case, FRE 403, and be irrelevant to any issue properly triable to the jury in this case, FRE 402.  The Court has recently granted motions *in limine* precluding such arguments.  *See Solas OLED Ltd. v. Samsung Display Co.*, No. 2:19-cv-152-JRG, Dkt. 279 at 6 (E.D. Tex. Sept. 30, 2020) (Samsung MIL No. 4) ("There will be no evidence, argument, or suggestion relating to the parties' discovery obligations, discovery disputes, or **discovery deficiencies**.") (emphasis

---

[3] Garrity noted in a meet and confer that its expert Mr. Weinstein should be allowed to testify that he was unable to consider certain cost data that Samsung failed to produce.  But this example reflects the prejudice that Samsung wishes to avoid.  Samsung has challenged Mr. Weinstein's calculation of profits for failing to consider certain operating expenses, which was available in Samsung's public annual reports that Mr. Weinstein cited in his report.  Dkt. 138 at 8–9.  Any testimony during his cross-examination that Samsung did not also produce this data in discovery would be non-responsive and prejudicial.  And while Garrity requested and moved to compel certain cost data (cost of goods sold) (Dkt. 117 at 4–5), Garrity did not request or move to compel further data on operating expenses.  Thus, Mr. Weinstein should be precluded from responding to Samsung's questions with evasive and prejudicial testimony attempting to blame Samsung for his failure to consider data that was fully available to him and that Garrity never requested.

added); *Acorn* at 18 (Defendants' MIL 3) ("The Court noted that pre-trial discovery disputes and obligations are irrelevant to any issue at trial, including willfulness, and risks substantial prejudice.").  Samsung respectfully requests that the Court issue the same order here.

## V.   MIL NO. 5:  NO EVIDENCE, TESTIMONY, OR ARGUMENT CONTRARY TO THE CLAIM CONSTRUCTIONS IN THIS CASE

The parties should be precluded from offering any evidence, testimony (including expert testimony), or argument that is contrary to the claim constructions issued in this case.  Garrity has stated that it intends to bring a motion *in limine* prohibiting the parties from offering any evidence, testimony, or argument contrary to the Court's claim constructions for claims 9 and 12. Garrity would not agree to expand that motion to cover all claims and all claim constructions— apparently intending to argue contrary to the Court's constructions for other claims.

Specifically, Garrity likely intends to resurrect its failed *Markman* argument for "magnetic core piecepart," which appears in both asserted independent claims.  During the *Markman* process, Garrity argued that "magnetic core piecepart" should be construed to mean

> "a part or substance with a relative magnetic permeability for **concentrating magnetic flux**"; alternative, understood in context of claim language (reciting, *inter alia*, "a transformer") "a part or substance with a relative magnetic permeability for **concentrating magnetic flux in a transformer**"

Dkt. 67 at 6 (emphasis added).  Judge Payne rejected that construction and construed the term in a manner similar to Samsung's proposal.  Dkt. 102 at 19, 8.  Judge Payne construed "magnetic core piecepart" to mean "core piece that is made of magnetic material."  Dkt. 102 at 19.

Garrity objected to that construction.  But this Court overruled Garrity's objection and adopted the construction provided by Judge Payne.  Dkt. 131.  Thus, the Court's construction rejected Garrity's attempts to define a "magnetic core piecepart" by whether it "concentrate[es] magnetic flux" or "concentrate[es] magnetic flux in a transformer."

Rather than apply the Court's construction, Garrity's expert made clear during his deposition that he was still applying Garrity's failed construction and hinging his determination of whether a substance or component qualifies as a magnetic core piecepart on whether it concentrates flux in a transformer.  For example, Dr. Ricketts testified that "[t]he '067 [patent] discloses and teaches a magnetic core piecepart that ***concentrates the flux to improve the performance of a transformer***" (Ex. 1 at 146:10–12 (emphasis added)); "the magnetic core piecepart would – by its ***definition of concentrating flux*** . . ." (*id.* at 146:20–21 (emphasis added)); and "the '067 [patent] is focused on ***concentrating the flux for a transformer***" (*id.* at 146:23–24 (emphasis added)).  When trying to provide support for his opinion ███████ ████ qualifies as a "magnetic core piecepart," Dr. Ricketts testified that the '067 patent "███ ████████████████████████████████████████████████ ████████████████████████████████████" *Id.* at 142:16–19 (emphasis added).  He further explained that the magnetic core piecepart could have any geometry or be comprised of many different materials because "all of this is in the context of ***concentrating flux to improve the performance or function of a transformer.***" *Id.* at 144:22–24 (emphasis added).  Dr. Ricketts is not applying the Court's construction; he is applying Garrity's rejected one.

Given Garrity's refusal to agree to a motion *in limine* excluding all testimony or argument contrary to the Court's claim constructions, Samsung respectfully requests that the Court preclude the parties from offering evidence, testimony, or argument that is contrary to any of the Court's claim constructions for any of the asserted claims, including for the term "magnetic core piecepart."  Such an order should specifically preclude Garrity and its witnesses from making any argument or offering any testimony that the fact that a material or component concentrates magnetic flux makes it a magnetic core piecepart and, conversely, that the fact that

a material or component does not concentrate magnetic flux prevents it from being a magnetic core piecepart.  Any such argument or evidence would be improper because the Court is responsible for construing the claims and did so—already rejecting Garrity's argument that a magnetic core piecepart concentrates magnetic flux.  Those constructions now govern this case and any testimony or argument contrary to those constructions should be precluded.

## VI.   MIL NO. 6:  NO REFERENCES TO THE CONFIDENTIALITY DESIGNATION OF ANY DOCUMENT

Any argument or suggestion that the designation of a document or information as confidential under the Protective Order means that the document or information is or has always been kept confidential would be confusing to the jury and highly prejudicial to Samsung.  *See* FRE 403; *Patent Category Corp. v. Target Corp.*, No. CV 06-7311 CAS (CWx), Dkt. 143 at 17 (C.D. Cal. July 17, 2008) (Ex. 12) (granting MIL requesting jury instruction "to disregard any designation of 'confidential' on an exhibit").  In particular, a protective order designation is not relevant to whether the designated information qualifies as prior art.  *See* FRE 402.

Despite this, Garrity's expert Dr. Ricketts argued that the "[Fulton System documents] are designated 'HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES' ONLY,' which demonstrates that the innerworkings of Fulton were, and are still, confidential and not available to the public."  Ex. 2 ¶ 144.  The Fulton System prior art was produced by third party Amway in response to a subpoena.  ██████████████████████████████ ███████████████, Amway marked that prior art system and related documents confidential under the protective order.  If Garrity or Dr. Ricketts make similar arguments to the jury, Samsung will have to waste time addressing the resulting prejudicial confusion, including explaining what a protective order is, what a designation is, what party makes a designation, and the different standards for designating information under a protective order and public use prior

art, etc.  And even that will not cure the prejudice.  Garrity should therefore be precluded from arguing that protective order designations reflect prior art status.

## VII.   MIL NO. 7:  NO EVIDENCE, ARGUMENT, OR SUGGESTION THAT SAMSUNG █████████████████████████████████████████████

Garrity should be precluded from making any references or introducing any evidence, testimony (including expert testimony), arguments, or inquiries attempting to elicit testimony regarding any assertion that Samsung █████████████████████████ because any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and/or wasting time.  *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510, at *3 (E.D. Tex. Sept. 21, 2016) (excluding statements suggesting defendant ████████████████████████).

During depositions of Samsung's ██████████████████████████, Garrity asked loaded questions to elicit testimony regarding whether the deponent ████████████ ████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████ initially testified, *inter alia*, that ██████████████████████████ █████████████████████████████████████████.” Ex. 3 at 103:9–15.  ███████████████████████████████████████ ██████████████████████ *Id.* at 103:21–24.  ██████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████ Ex. 4 at 30:18–25.  Garrity has designated this deposition testimony. ███████████████████████████████████████ █████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████ Ex. 3 at 116:6–18. ████████████████████████████████

████████████████████████████ *Id*. at 116:24–117:4; Ex. 4 at 31:1–3.

This deposition testimony—and any related argument or evidence at trial—should be excluded under FRE 403 because the probative value of ███████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████ is minimal, at most.  In contrast, the jury will likely give such out-of-context testimony undue weight.  Such testimony will also likely confuse and mislead the jury—for example, confusing and misleading the jury regarding (i) ██████████████████████████████████████████████████████

██████████████████████████████████████████████. Furthermore, if Garrity is permitted to present this evidence, trial time will be wasted by that testimony. Samsung will also have to spend time playing counter-designations or eliciting testimony explaining the context and that Samsung ████████████████████████.  For these reasons, Samsung respectfully requests that the Court preclude Garrity from playing this deposition testimony, as well as making any argument or presenting any evidence regarding these topics.

## VIII.   MIL NO. 8:  NO INFRINGEMENT THEORIES NOT DISCLOSED IN INFRINGEMENT CONTENTIONS

Paragraph 159 of Dr. Ricketts' infringement report suggests a theory of infringement not disclosed in the contentions, *i.e.*, that cross-sections of the accused products ██████████████

████████████████████████ Ex. 5 ¶ 159.  (The cross-sections are the subject of Samsung's pending *Daubert* motion.  Dkt. 137.)  Garrity argued to this Court that Paragraph 159 of Dr. Ricketts' report does not disclose that theory:

Regardless,  Paragraph  159  does  not  disclose  a  new  theory. █████

[REDACTED]

Dkt. 105-1 at Ex. A (claim chart) pp. 3-6. There is no new theory.

Dkt. 164 at 1 (emphasis added).  Because Garrity denies that Dr. Ricketts' report discloses the

[REDACTED], Garrity should be precluded from presenting any evidence or argument

about that theory.  *Acorn* at 13 (Plaintiff's MIL 11) (excluding testimony or evidence of a theory

not described in an expert's opening report); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, 6:11-

cv-00201-JRG, Dkt. 787 at 5 (E.D. Tex. May 26, 2017) (Defendants' MIL 15) ("No expert will

express opinions during direct examination that were not disclosed in their expert reports.").

Dr. Ricketts tried to introduce a similar new theory during deposition—[REDACTED]

[REDACTED]" Ex. 1 at 124:20–

24.  Dr. Ricketts does not mention the alleged [REDACTED] his report and admitted his

report includes [REDACTED].  *Id.* at 125:3–19.  Dr. Ricketts should not be permitted to

testify to this untimely opinion, allege facts considered in forming it, or show the accused

products for this purpose.  *See, e.g.*, Fed. R. Civ. P. 26(a)(2)(b)(i)–(iii); *Acorn* at 13.

## IX.   MIL NO. 9:  NO EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING LICENSES THAT THE PARTIES AGREE ARE NOT COMPARABLE

This Court has previously held that "no party may introduce the amount of a settlement

or royalty payment until the technical and economic comparability of the settlement or license

has been established or will not be disputed."  *CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*, No.

2:10-cv-132, 2012 WL 4761739, at *2 (E.D. Tex. Sept. 20, 2012); *see also LaserDynamics, Inc.*

*v. Quanta Comput., Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) ("When relying on licenses to prove a

reasonable royalty, alleging a loose or vague comparability between different technologies or

licenses does not suffice.").  Both sides' damages experts agree that ████████████████

████████████████████████████ is not comparable to the hypothetical license.

For example, Plaintiff's expert, Mr. Weinstein, has concluded that the ██████████████

is "not relevant to the outcome of the hypothetical negotiation" between Garrity and Samsung, at

least because it "████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████"  Dkt. 138-2 ¶ 30.  Samsung's expert, Dr. Lynde, has opined that "I agree with

Mr. Weinstein that the ████████████████ is not informative to the outcome of the

hypothetical negotiation between GPS and Samsung," at least for the additional reason that "█

████████████████████████████████████

████████████████████████."  Dkt. 135-2 ¶ 56.  Thus, it is

undisputed that the ████████████ is *not relevant* to either side's damages case.

Presenting the ████████████ to the jury would be prejudicial to Samsung given the

████████████████.  *See* Dkt. 135-2 ¶ 24, Dkt. 138-2 ¶ 27.  Moreover, the

need to distinguish the ████████████ to the jury greatly risks confusion of issues that are

entirely unrelated to the case.  Given the undisputed lack of relevance, any probative value of the

████████████ is outweighed by the risk of prejudice to Samsung.  Thus, any opinion,

testimony or evidence about the ████████████ should be excluded.

## X.      MIL NO. 10:  NO EVIDENCE, ARGUMENT, OR TESTIMONY THAT A FAILURE TO AWARD DAMAGES OR AN INVALIDITY FINDING COULD ECONOMICALLY INJURE GARRITY

The Court should preclude Garrity from making any references or introducing any

evidence, testimony (including expert testimony), or arguments that a failure to award damages

in this case or a finding that the '067 patent is invalid could or would economically injure

Garrity, Paul Garrity, or any other person or entity.  Such argument or evidence is irrelevant and should be excluded.  FRE 402.  To the extent it has any probative value, that value is substantially outweighed by the danger of unfair prejudice to Samsung and confusing and misleading the jury regarding the actual issues.

## XI.     MIL NO. 11:  NO REFERENCE TO TRESPASS

Trespass is a criminal offense in Texas, and there is no evidence—or even allegation—in this case that Samsung committed such an act or used the '067 patent in developing Samsung's own technology.  Garrity has agreed to not refer to Samsung as "stealing" or argue that Samsung copied Garrity.  But Garrity intends to argue that Samsung "trespassed."  Garrity does not need to use "trespass" to describe alleged infringement.  And using a word associated with a criminal act is highly prejudicial.  This Court has recently precluded parties from characterizing each other using a pejorative term like "trespassing."  *The Hillman Grp, Inc. v. KeyMe LLC*, No. 2:19-cv-00209-JRG, Dkt. 284 at 16 (E.D. Tex. Mar. 30, 2021) ("Neither party shall characterize the other in pejorative terms, such as . . . 'trespassing.'").  Thus, the Court should preclude Garrity from referring to or describing Samsung's alleged infringement as "trespass."  FRE 403.

## XII.    MIL NO. 12:  NO EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING ███████████████████████

Garrity should be precluded from making any references or introducing any evidence, testimony (including expert testimony), arguments, or inquiries attempting to elicit testimony regarding ███████████████████████████████████████████████████████ ████████████████████████████████████ (i) are irrelevant and (ii) to the extent they are relevant, that relevance is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and/or wasting time.

In █████████████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████ *See generally* Ex. 8 at 108:7–126:11.

These ██████ and any related testimony, evidence, or argument are irrelevant and should be precluded.  There is no allegation of copying, and ██████████████████████████████

██████████████████████████████████████████████████.

Consequently, Garrity alleges that damages accrued with the ████████████████████████

████████████████████████████.  Even if it were at issue, these ██████ do not provide

█████████████████████████████████████████████████████████████████████

██████████████████████.  Therefore, these ████████ and any related testimony, evidence, or argument should be excluded as irrelevant under FRE 401 and 402.

To the extent they have any relevance, they should be excluded under FRE 403 because any minimal probative value of such cryptic communications is outweighed by the danger that the jury could give undue weight to the fact that there are ██████████████.  The jury may also be

---

[4] In June 2020, Mr. Pant did send an email to Mr. Choi regarding licensing opportunities for a different Samsung entity and ***unrelated*** patents.

confused and misled about the meaning or import of ███████████████ .  And if Garrity

introduces these ██████ their introduction will delay the trial and waste time; additionally,

Samsung will be forced to expend time presenting testimony and evidence providing the relevant

context regarding, for example, ███████████████████ and other issues.  Thus, if

these communications are not excluded as irrelevant, they should be excluded under FRE 403.

## XIII.   MIL NO. 13:  NO REFERENCES TO "VAPORWARE"

The Court should preclude Garrity making any references or introducing any evidence,

testimony (including expert testimony), or arguments, regarding "vaporware"—including any

suggestion that the Fulton System is "vaporware."  Dr. Ricketts offered speculative testimony in

his validity report regarding "vaporware," stating, *inter alia*, that it is "a concept where a product

is announced far in advance before it is released, and often before the product is ready for

commercial release or even functional."  Ex. 2 ¶ 145.  Dr. Ricketts is suggesting or implying that

the Fulton System was vaporware.  In addition to not being proper expert testimony, this

testimony is irrelevant because there is no evidence that the Fulton System was vaporware, and

Dr. Ricketts did not provide any evidence or rationale for how the Fulton System was vaporware.

This irrelevant testimony—untied to any actual system at issue—should be excluded.

Even if there were some probative value to this discussion of vaporware, that value is

substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay,

wasting time, and undue prejudice.  If Garrity is allowed to suggest, imply, or argue that the

Fulton System is vaporware, the jury may be confused and misled about the issues because the

issue of whether a system was publicly displayed, used, offered for sale, or otherwise qualifies as

prior art does not require that it be released as an actual product or commercially released.

Presentation of such evidence will also delay the trial and waste time as each side will have to

discuss the irrelevant issue of what vaporware is and how, if at all, it relates to the actual issues.

It also risks undue prejudice, for example, because a juror may have had a poor experience with "vaporware."  Even if relevant, this evidence should be excluded under FRE 403.

## XIV.   MIL NO. 14:  NO REFERENCE TO OUT-OF-CONTEXT ANALOGIES REGARDING THE "ENCIRCLING" CLAIM TERM

The claims require "a metallic coil *encircling* at least a portion" of a magnetic core piecepart.  Garrity intends to argue the meaning of "encircling" to the jury in contexts unrelated to power transfer or the electronic components at issue in this case.  For example, Garrity deposed Samsung's expert on whether a moat encircles a castle and two attorney-created diagrams showing two-dimensional circles and squares to ask about "encircling."  Ex. 9 at 30:11–33:8; Exs. 10–11.[5]  The diagrams are below:

 

But whether a moat encircled a castle in medieval times is not relevant to whether a modern day ███████ in a smartphone encircles anything.  Likewise, examining 2D attorney-created diagrams is not relevant to that question.  To the extent there is any relevance, it is outweighed by the confusion it will cause and the time it will waste arguing about, for example, how the two drawings above may bear on whether Samsung's products meet the claims.  Garrity should be precluded from making arguments, offering evidence (including expert testimony), or examining Samsung's witnesses (including its expert) regarding irrelevant, out-of-context analogies.

---

[5] Neither this analogy nor these drawings were in Garrity's expert reports.

DATED:  November 8, 2021

Respectfully submitted,

By:  */s/ Allan M. Soobert*
Allan M. Soobert (VA Bar No. 35817)
allansoobert@paulhastings.com
Jeffrey A. Pade (VA Bar No. 45725)
jeffpade@paulhastings.com
(*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics
Co., Ltd and Samsung Electronics America,
Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed

electronically in compliance with Local Rule CV-5 on November 8, 2021. As of this date, all

counsel of record had consented to electronic service and are being served with a copy of this

document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Allan M. Soobert*
Allan M. Soobert

## CERTIFICATE OF CONFERENCE

On November 3, 2021, November 4, 2021, and November 8, 2021, counsel for Garrity

and Defendants engaged in meet and confer conferences pursuant to Local Rule CV-7(h).

Garrity's counsel indicated that Garrity is opposed to the relief sought by Defendants' motions *in*

*limine*.

  */s/ Allan M. Soobert*
Allan M. Soobert

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under

seal pursuant to the Court's Protective Order entered in this matter.

  */s/ Allan M. Soobert*
Allan M. Soobert
