**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GARRITY POWER SERVICES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | JURY TRIAL DEMANDED |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD. | § | CIVIL ACTION NO. 2:20-cv-269-JRG |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

## [PROPOSED] JOINT PRETRIAL ORDER

This cause came before the Court at a pre-trial conference held on November 29, 2021,

pursuant to Federal Rule of Civil Procedure 16.

## I.     COUNSEL FOR THE PARTIES

Plaintiff Garrity Power Services LLC ("Garrity Power"):

Marc Belloli (pro hac vice)
mbelloli@feinday.com
M. Elizabeth Day
CA Bar No. 177125
(Admitted to Practice in E.D. Texas)
eday@feinday.com
David Alberti (pro hac vice)
dalberti@feinday.com
Nicholas Martini (pro hac vice)
nmartini@feinday.com
Jerry D. Tice II
Texas Bar No. 24093263
jtice@feinday.com
FEINBERG DAY KRAMER ALBERTI LIM
TONKOVICH & BELLOLI LLP
577 Airport Blvd., Ste 250
Burlingame, CA. 94010
Tel: 650 825-4300
Fax: 650 460-8443

Deron R Dacus
Texas Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: 903 705-1117
Fax: 903 581-2543
ddacus@dacusfirm.com

Elizabeth L DeRieux
CAPSHAW DERIEUX LLP
114 E Commerce Avenue
Gladewater, TX 75647
(903) 845-5770
Email: ederieux@capshawlaw.com

Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America Inc. (collectively, "Samsung"):

Allan M. Soobert (VA Bar No. 35817)
(admitted to practice in E.D. Tex.)
allansoobert@paulhastings.com
Jeffrey A. Pade (VA Bar No. 45725)
jeffpade@paulhastings.com
(pro hac vice)
David Valente (pro hac vice)
davidvalente@paulhastings.com
James V. Razick (pro hac vice)
jamesrazick@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Yar R. Chaikovsky (pro hac vice)
yarchaikovsky@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: 650-320-1800
Facsimile: 650-320-1900

Soyoung Jung (pro hac vice)
soyoungjung@paulhastings.com
PAUL HASTINGS LLP

515 South Flower Street
Los Angeles, CA 90071
Telephone: 213-683-6000
Facsimile: 213-627-0705

Melissa Richards Smith
melissa@gillamsmithlaw.com
Harry (Gil) Gillam, Jr.
gil@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450

Andrew Thompson (Tom) Gorham
tom@gillamsmithlaw.com
J. Travis Underwood
travis@gillamsmithlaw.com
Gillam & Smith LLP
102 N College, Suite 800
Tyler, TX 75702

## II.	STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) because this action arises under the patent laws of the United States.  The parties do not contest jurisdiction or venue with respect to Garrity Power's infringement claims and Samsung's defenses thereto.

## III.	NATURE OF ACTION

This is an action for patent infringement in which Garrity Power accuses Samsung of infringing Claims 1, 7-12 and 17 (the "Asserted Claims") of U.S. Patent No. 9,906,067 (the "'067 patent").  Garrity Power seeks monetary damages in the form of a reasonable royalty, pre- and post-judgment interest, costs, enhanced damages for willful infringement and an award of its fees under 35 U.S.C. §§ 284 and 285.

Samsung denies that it has infringed or infringes any of the Asserted Claims of the '067

patent, or that any of its infringement is willful.  Samsung further contends that the Asserted Claims

are invalid.  Samsung denies that Garrity Power is entitled to any relief.

## IV.   CONTENTIONS OF THE PARTIES

### A.   Garrity Power's Contentions

By providing these contentions, Garrity Power does not concede that all these issues are

appropriate for trial; nor do the contentions below include every detail underlying each contention.

Garrity Power does not waive any of its pending motions, including any motions in *limine*,

Daubert motions, and motions to strike, and any other already pending and future motions it may

file.

1.   Garrity Power is the owner of the '067 patent titled "Apparatus, System and Method

to Wirelessly Charge/Discharge A Battery."  Samsung has been and is now infringing the '067

patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell in the United States and

importing into the United States smartphones covered by one or more claims of the '067 patent.

Samsung has been and is now infringing under 35 U.S.C. §§ 271(b) and (c) as an inducing infringer

and as a contributory infringer.  Garrity Power accuses Samsung and its products of infringing

claims 1, 7-12 and 17 of the '067 patent (the "Asserted Claims").

2.   Garrity Power seeks the following relief:

a. A judgment that Samsung has infringed the '067 patent;

b. A judgment and order requiring Samsung to pay Garrity Power damages under 35 U.S.C.

§ 284, together with pre-judgment and post-judgment interest;

c. A judgment and order requiring Samsung to pay Garrity Power the costs of this action;

d. A judgment and order awarding enhanced damages for willful infringement to Garrity

Power under 35 U.S.C. § 284;

e. A judgment and order declaring this case to be exceptional based on Samsung's willful

infringement and/or litigation conduct; and

      f. A judgment and order awarding attorneys' fees to Garrity Power under 35 U.S.C. § 285;

      3.   Garrity Power contends that the '067 patent is valid and that the Asserted Claims are not barred or otherwise limited as a result of any of the affirmative defenses raised by Samsung.

**B.**      **Samsung's Contentions**

By providing these contentions, Samsung does not concede that all these issues are appropriate for trial; nor do the contentions below include every detail underlying each contention.

Samsung does not waive any of its pending motions, including any motions in *limine*, Daubert motions, and motions to strike, and any other already pending and future motions it may file.

      1.   Samsung contends that it does not infringe and has not infringed any asserted valid and enforceable claim of the '067 patent under any theory of infringement, direct or indirect, with regard to any of the Accused Products.  Garrity Power bears the burden of proving infringement by a preponderance of the evidence.  The Asserted Claims of the '067 patent all include elements that are lacking from the Accused Products. Garrity Power is not entitled to argue that any elements are met under the Doctrine of Equivalents.

      2.   Samsung contends that it has not willfully infringed the '067 patent.  Garrity Power lacks the evidence to show that Samsung engaged in the egregious, willful, wanton, malicious, flagrant, bad faith, deliberate, consciously wrongful, piratical or other misconduct necessary for a finding of willfulness.

      3.   Samsung contends that the Asserted Claims of the '067 patent are invalid for, inter alia, failure to comply with one or more of the requirements of 35 U.S.C. § 102, 103, 112 and/or 282.

      4.   Samsung contends that the invention date of the '067 Patent is June 30, 2015.

5.   Samsung specifically contends that Claim 17 of the '067 patent is invalid under 35 U.S.C. § 112 for lacking written description and lacking enablement.

6.   Samsung contends that the Asserted Claims of the '067 patent are invalid because they are anticipated by the prior art under 35 U.S.C. § 102.

7.   Samsung contends that the Asserted Claims of the '067 patent are invalid for obviousness over the prior art under 35 U.S.C. § 103.

8.   Samsung specifically identifies the following prior art anticipation and obviousness contentions:

    a.   All Asserted Claims are anticipated and obvious based on Fulton.[1]

    b.   Claims 1, 7, 8, 9, 10, 11, 15, and 16 are anticipated and obvious based on Jang.

    c.   Claim 8 is obvious based on Jang in view of Yang.

    d.   Claim 9 is obvious based on Jang in view of Kardolus.

    e.   Claims 12 and 17 are obvious based on Jang in view of Madawala.

    f.   Claims 1, 7, 9, and 10 are obvious based on Jeong in view of Soar.

    g.   Claims 7 and 9 are obvious based on Fulton in view of Jang.[2]

    h.   Claim 8 is obvious based on Fulton in view of Yang.

    i.   Claim 8 is obvious based on Fulton in view of Jang and Yang.

    j.   Claims 10 and 11 are obvious based on Fulton in view of Anguelov.

    k.   Claims 10 and 11 are obvious based on Fulton in view of Jang and

---

[1] Garrity Power objects to any contention that Fulton anticipates claims 8, 10-12 and 17 as there is no such contention in Defendants' expert report. Garrity Power also objects to a "stand alone" theory of obviousness for claims 8, 10-12 and 17 as there is no such opinion is in Defendants' expert report.

[2] 8g through 8s are subject to Garrity Power's pending motions to strike (Dkt. 134 and Dkt. 136).

Anguelov.

l.   Claims 12 and 17 are obvious based on Fulton in view of Madawala.

m.   Claims 12 and 17 are obvious based on Fulton in view of Jang and Madawala.

n.   Claims 10 and 11 are obvious based on Jang in view of Anguelov.

o.   Claim 8 is obvious based on Jeong in view of Soar and Yang.

p.   Claim 9 is obvious based on Jeong in view of Soar and Kardolus.

q.   Claims 10 and 11 are obvious based on Jeong in view of Soar and Anguelov.

r.   Claim 11 is obvious based on Jeong in view of Soar.

s.   Claims 12 and 17 are obvious based on Jeong in view of Soar and Madawala.

9.   Samsung contends that Garrity Power has not been damaged by any infringement by Samsung of the '067 patent and that Garrity Power is not entitled to a reasonable royalty under 35 U.S.C. § 284.

10.   Samsung contends that Garrity Power is not entitled to recover statutory damages, compensatory damages, or accounting, injunctive relief, costs, fees, interest, or any other type of recovery from Samsung.

11.   Samsung contends that Garrity Power is not entitled to compensatory damages, including under 35 U.S.C. § 284.

12.   Samsung contends that Garrity Power is not entitled to supplemental damages for the period between the jury verdict and the entry of final judgment, or pre-judgment and post-judgment interest.

13. Samsung contends that Garrity Power is not entitled to enhanced damages,

including under 35 U.S.C. § 284.

14. Samsung contends that Garrity Power is not entitled to interest or costs, including under 35 U.S.C. §§ 284 and 285.

15. Samsung contends that Garrity Power is not entitled to attorneys' fees, including under 35 U.S.C. § 285.

16. Samsung contends that Garrity Power is not entitled to injunctive or equitable relief.

17. Samsung contends that Garrity Power is not entitled to any relief whatsoever. Samsung contends that Garrity Power's damage claims are limited by 35 U.S.C. § 286 to damages arising from acts committed six years or less prior to the filing of this suit.

18. Samsung contends that this is an exceptional case within the meaning of 35 U.S.C. § 285, warranting the award of attorneys' fees and costs to Samsung.

## V.   STIPULATIONS AND UNCONTESTED FACTS

### A.   Stipulations

1. The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent additional agreements are reached.

2. The parties agree that any date listed on the exhibit list is not evidence nor an admission of the date of the document, and that failing to list a date is neither evidence of nor an admission of whether the document is dated.  The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used an admission or otherwise as evidence regarding the document.

3. A legible photocopy of the '067 patent and its file history may be offered as evidence in lieu of certified copies thereof.

4.      Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals.

5.      The parties agree that demonstrative exhibits the parties intend to use at trial do not need to be included on their respective trial exhibit lists attached as **Exhibits I and J** to this Order. The parties otherwise reserve all rights to object to any demonstrative exhibits.

6.      For purposes of Federal Rule of Evidence 901, the parties agree that all documents produced by Garrity Power and appearing on their face to have originated from, or have been kept in the ordinary course of business by Garrity Power, are authentic. The parties otherwise reserve all rights with respect to the admissibility of such documents.

7.      For purposes of Federal Rule of Evidence 901, the parties agree that all documents produced by Samsung and appearing on their face to have originated from, or have been kept in the ordinary course of business by Samsung, are authentic. The parties otherwise reserve all rights with respect to the admissibility of such documents.

8.      The parties agree that written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated by the opposing party as having been given under oath, whether or not the answers were signed or verified by the party making them.

9.      The parties understand that the Court prefers to present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

10.     The jurors will be provided juror notebooks and will be permitted to take notes during the presentations of the parties.

11.     Fact witnesses will be sequestered so that they cannot hear other witnesses'

testimony pursuant to Federal Rule of Evidence 615.  This stipulation does not apply to a party's corporate trial representative.

      **B.**    **Uncontested Facts**

    1.    Plaintiff Garrity Power is a limited liability company organized under the laws of the State of Texas and has its principal place of business at 1830 Kelly Lane, Rockwell, Texas 75087.

    2.    Defendant Samsung Electronics Co. Ltd ("SEC") is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business located at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Korea 16677.

    3.    Defendant Samsung Electronics America, Inc. ("SEA") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

    4.    SEA is a wholly owned subsidiary of SEC that sells consumer electronics goods and mobile devices in the United States.

    5.    Garrity Power filed a complaint in this case against Samsung on August 17, 2020.

    6.    The Asserted Patent is U.S. Patent No. 9,906,067 ("the '067 patent).

    7.    The '067 patent was filed on June 30, 2015 and issued on February 27, 2018.  It lists Paul Garrity and Aaron Jungreis as inventors.

    8.    Garrity Power is the record assignee and owner of the '067 patent.

    9.    The Accused Products in this case are Galaxy S21 5G, Galaxy S21 Ultra 5G, Galaxy S21+ 5G, Galaxy S20+ 5G, Galaxy S20 5G, Galaxy S20 Ultra 5G, Galaxy Note20 5G, Galaxy Note20 Ultra 5G, Galaxy S10, Galaxy S10e, Galaxy S10+, Galaxy S10 5G, Galaxy Note10, Galaxy Note10+, Galaxy Note10+ 5G, Galaxy Fold, Galaxy Z Fold2 5G, Galaxy Z Flip and Galaxy Z Flip 5G.

## VI.   CONTESTED ISSUES OF FACT AND LAW

### A.   Garrity Power's Statement of Contested Issues of Fact and Law

1.      Whether Samsung has infringed any Asserted Claims of the '067 patent under 35 U.S.C. §§ 271(a), (b) and (c).

2.      The amount of any damages, including at least a reasonable royalty, necessary to compensate Garrity Power for the alleged infringement pursuant to 35 U.S.C. § 284.

3.      Whether Samsung has willfully infringed any of the Asserted Claims.

4.      Whether Garrity Power is entitled to enhanced damages pursuant to 35 U.S.C. § 284 and, if so, the dollar amount of the enhancement.

5.      Whether Samsung has shown by clear and convincing evidence that each of the Asserted Claims is invalid under 35 U.S.C. §§ 102 and/or 103.

6.      Whether Samsung has shown by clear and convincing evidence that claim 17 of the '067 patent is invalid under 35 U.S.C. §112 for lack of enablement and/or lack of written description.

7.      Whether Garrity Power is entitled to attorneys' fees under 35 U.S.C. § 285 and, if so, in what amount.

8.      Whether Garrity Power is entitled to pre-judgment and post-judgment interest, and, if so, the dollar amount of pre-judgment and post-judgment interest.

9.      Whether Garrity Power is entitled to costs, and, if so, the dollar amount of the costs.

### B.   Samsung's Statement of Contested Issues of Fact and Law

1.      Whether Samsung has infringed any Asserted Claims of the '067 patent.

2.      Whether Samsung has willfully infringed any Asserted Claims of the '067 patent.

3.      Whether the Asserted Claims of the '067 patent are invalid or unenforceable.

4.      Whether Garrity Power is entitled to the damages it seeks, including for past infringement, pre-judgment interest, post-judgment interest, and costs.

5.      Whether Garrity Power is entitled to enhanced damages under 35 U.S.C. § 284 and, if so, the amount of enhancement.

6.      Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Samsung is entitled to attorneys' fees or costs.

## VII.   LIST OF WITNESSES

1.   The trial witness list for Garrity Power is attached as **Exhibit A**.  Samsung's objections to Garrity Power's witness list are attached as **Exhibit B**.

2.   The trial witness list for Samsung is attached as **Exhibit C**.  Garrity Power's objections to Samsung's witness list and Garrity Power's rebuttal witness list are attached as **Exhibit D**.

3.   Samsung's objections to Garrity Power's rebuttal witness list as attached as **Exhibit E.**

4.   Garrity Power's list of deposition designations and Samsung's objections and counter-designations are attached as **Exhibit F**.

5.   Samsung's list of deposition designations and Garrity Power's objections and counter-designations are attached as **Exhibit G**.

6.   Samsung's rebuttal deposition designations with Garrity Power's objections and counter-designations is attached as **Exhibit H**.

## VIII.   LIST OF EXHIBITS

1.   Garrity Power's exhibit list and Samsung's objections is attached as **Exhibit I**.

2.   Samsung's exhibit list and Garrity Power's objections is attached as **Exhibit J**.

## IX.   LIST OF ANY PENDING MOTIONS

The following are Garrity Power's Pending Motions:

1.   Motion to Strike and Exclude Undisclosed Evidence of a Design Around and Costs Relied Upon by Defendants' Rebuttal Damages Expert, Dr. Lynde. (Dkt. 133).

2.   Motion to Strike Defendants' Undisclosed Obviousness Combinations (Dkt. 134).

3.   Motion to Strike Certain Opinions of Dr. Lynde Under Federal Rule of Evidence 702 (Dkt. 135).

4.   Motion to Strike the Expert Report of Dr. Regan Zane as it Relates to the Fulton Device. (Dkt. 136).

5.   Garrity Power's Motions *In Limine* (Dkt. 187).

The following are Samsung's Pending Motions:

1.   Motion to Strike or Exclude Portions of the Expert Reports of David S. Ricketts, Ph.D. (Dkt. 137).

2.   Motion to Exclude Opinions and Testimony of Plaintiff's Damages Expert Roy Weinstein. (Dkt. 138).

3.   Samsung's Motions *In Limine* (Dkt. 188).

## X.   PROBABLE LENGTH OF TRIAL

The probable length of trial is 5 days.  The parties request 13 hours per side for direct, cross and rebuttal examinations.  The parties further request 30 minutes per side for *voir dire*.  The parties request 30 minutes per side for opening statements and 45 minutes per side for closing arguments.

## XI.   MANAGEMENT CONFERENCE LIMITATIONS

None.

## XII.   TRIAL MANAGEMENT PROCEDURE STIPULATIONS

### 1.     Opening Statements

With respect to opening statements, by no later than 12:00 p.m. Central Time on the calendar day before the opening statements, the parties shall exchange by email (a) lists of any non-pre-admitted exhibits for which there are pending objections remaining, and (b) electronic copies of any demonstrative exhibits that they intend to use in their respective opening statements. By no later than 3:00 p.m. Central Time that same day, the receiving party shall notify the other party of any objections to the exhibits and demonstratives. By no later than 5:00 p.m. Central Time that same day, the parties shall meet and confer to resolve any objections.  Any transcripts of testimony (excluding testimony given during this trial) must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during opening statements or on direct examination.  The parties disagree on whether a party may show deposition testimony of its own employees during opening statements. Garrity Power's position is that a party may not show deposition testimony of any of their own employee witness. *See* Plaintiff's Motion *in Limine* No. 16.  Defendants' position is that deposition testimony of party's employee witnesses is appropriate in certain circumstances, as detailed in Defendants' response to Plaintiff's Motion *in Limine* No. 16.

The parties agree that any exhibit listed on a party's own exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by that party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

### 2.     Witnesses and Deposition Designations

If a party no longer expects to call a witness identified on the "will call" list, or if a party expects to call live a witness on the "may call" list, that party shall provide the other side notice of the change as soon as possible, but in no event shall notice of the change be provided less than 2

calendar days before the witness may be called.

A party shall identify the witnesses it intends to call to testify, whether it intends to do so in person or by deposition, and the order in which they are to be called, by 7:00 p.m. Central Time two calendar days before they are to be called (e.g., witnesses for Monday will be disclosed on Saturday evening).

If a party provides a binder of exhibits to a live witness prior to the examination, the party will provide one copy of the other party.

With respect to witnesses to be called to testify by deposition, the parties have designated specific page and line numbers of deposition testimony that they may read or play during the respective parties' case-in-chief.  New materials may not be added without good cause or the other party's agreement.  All irrelevant and redundant material such as objections and colloquy between counsel will be eliminated when the deposition is read or viewed at trial.

If a party designates deposition testimony and the other party counter-designates, the designations and counter-designations will be read or played together in chronological order. Regardless of whether the testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations.

The party that seeks to play the deposition testimony must also provide the opposing party, by 7:00 p.m. Central Time the day before the deposition testimony is to be played, a workable copy of the actual recording to be played, including all designations and counter-designations, and a timed report of the deposition designations.

Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise admissible for such purpose.

If counsel intends to change the order of witnesses, they shall notify the other side as soon as possible.  The parties also recognize that the COVID-19 pandemic may affect the manner of presentation of witness testimony.

By 7:00 p.m. Central Time two calendar days before it intends to rest its case in chief, the resting party shall give the other party notice of its intention to rest so that the parties have an opportunity to comply with the other provisions of this Order.

### 3. Trial Exhibits and Exhibit Lists

A party shall identify trial exhibits to be used in connection with direct examination by 7:00 p.m. Central Time the calendar day before their intended use (e.g., exhibits for Monday morning will be disclosed by noon on Sunday).  Any objections will be provided no later than 9:00 p.m. Central Time that same day, and the parties shall meet and confer promptly thereafter on any such objections. If the parties cannot resolve objections, the objecting party will submit the issue to the Court by 10:30 p.m. that same day, with responsive submissions to the Court by 7:00 a.m. the following day.  The parties shall each be limited to one page (double spaced) per disputed trial exhibit.

The parties' exhibit lists include exhibits that may not necessarily be introduced into evidence.  Each party reserves the right to add additional exhibits to its exhibit list, for good cause shown, by agreement of the parties or as ordered by the Court.  A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.  No party will remove a document from its exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

Subject to other provisions of this Order, no party may offer as evidence an exhibit not present on its exhibit list absent Court order or agreement by the parties, except for purposes of impeachment or rehabilitation, if otherwise competent for such purposes.

Subject to all foundational requirements and other objections that might be made to the admissibility of the original, a legible copy of any exhibit may be offered into evidence in lieu of the original.  The parties may use electronic versions of exhibits that are spreadsheets or slide presentations.  A party may replace poor print or digital quality copies of exhibits with improved or higher resolution print or digital quality copies.

The parties agree to exchange lists of "Admitted Exhibits" by 10:00 p.m. Central Time the night before the lists are submitted to the Court.

Any documents, deposition transcripts, or portions thereof, or other items, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment or rehabilitation if otherwise competent for such purposes and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

None of the foregoing stipulations shall serve as a waiver of any other objections a party may have to any trial exhibits, or abrogate the requirement that the party offering an exhibit into evidence satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation.  The parties agree to meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial.

### 4.      Demonstrative and Physical Exhibits

Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists.

A party shall provide demonstrative exhibits to be used in connection with direct examination by 7:00 p.m. Central Time the calendar day before their intended use (e.g., exhibits for Monday morning will be disclosed on Sunday evening).  Any objections will be provided by no later than 9:00 p.m. Central Time that same day and the parties shall meet and confer promptly

thereafter on any such objections.  If the parties cannot resolve objections, they will submit the issue to the Court by 10:30 p.m. on that same day with responsive submissions to the Court by 7:00 a.m. the following day.  The opening and responsive submissions to the Court shall be limited to one page (double spaced) per disputed demonstrative exhibit.

The party seeking to use a demonstrative exhibit shall provide a color copy (if the original exhibit is in color) representation of the demonstrative in PDF format to the other side in accordance with the schedule set forth above.  For videos and animations, the party seeking to use the demonstrative exhibit shall provide it to the other side in digital interactive format, including as applicable, flash format, PPT format, MPG or any other video format.  A party's demonstrative will not be used, in whole or in part, by the other party prior to it being used by the disclosing party.

The parties agree that notice of a party's intended use of enlargements of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting etc. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party had identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order and the ballooning, excerption, highlighting etc. accurately reflects the content of the exhibit.  The parties further agree that the above notice provisions concerning demonstrative exhibits do not apply to demonstrative exhibits created in the courtroom during live testimony or that were previously shown to the jury or that are ballooning, excerption, highlighting etc. of witness testimony, attorney statements or attorney argument generated during the trial before the jury.

The parties agree that there is no exchange of demonstratives to be used for cross or redirect examination of witnesses.

With respect to non-documentary exhibits, such as physical exhibits, that the parties plan to use at trial during direct examination, but not for cross-examination, by 7:00 p.m. Central Time two calendar days before anticipated use, the parties shall identify and make them available for inspection.  Any objections will be provided by no later than 12:00 p.m. Central Time one calendar day before anticipated use. The parties shall meet and confer by 9:00 p.m. Central Time (or promptly thereafter) that same day on any such objections.  If the parties cannot resolve objections, the objecting party will submit the issue to the Court by 10:30 p.m. on that same day with responsive submissions to the Court by 7:00 a.m. the following day.  Non-documentary exhibits will not be used by the other party prior to being used by the disclosing party.

### 5.    Rule 50 Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing.

Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion.  All replies in support of the motions must be filed within 21 days of service of any oppositions.

## XIII.  AGREED MOTIONS IN LIMINE (Proposed)

The parties agree and jointly request the Court order the following agreed motions *in limine* and that the following subject matter should not be presented to the jury:

### 1.  References to any pretrial rulings (or lack of rulings) by the Court except claim construction.

The parties will not present any evidence, testimony or argument regarding any pretrial ruling (or lack of ruling) from the Court, except the parties may use the language of the Court's adopted claim constructions.

### 2.  References to whether any testimony or opinions of either party's experts have been excluded or found unreliable in this or any other lawsuit.

The parties will not make any references; introduce any evidence, testimony (including expert testimony) or arguments; or make inquiries attempting to elicit testimony regarding whether any testimony or opinions of a party's experts have been excluded or found unreliable in this case or any other case.

**3. Suggestion of fault of any party regarding timing of trial, jury service, inconvenience to jurors as related to the pandemic.**

The parties will not present any comment, argument, testimony or evidence stating, suggesting or implying that the conduct of the other party is responsible for or the cause of (a) the timing of the trial as it relates to the specific date of the trial, (b) jurors having to come to the courthouse and/or serve on the jury during the pandemic, (c) any risk to the health or safety of the jurors, their families, members of the community or anyone else, (d) any burden of inconvenience to the jurors as it relates to the pandemic or the specific date of the trial.

**4. Arrangements with counsel.**

The parties will not present any comment, argument, testimony or evidence stating, suggesting or implying that either party has entered into any fee and/or cost arrangements regarding this litigation.

**5. Any attempt to disparage the USPTO.**

The parties will not present any comment, argument, testimony or evidence disparaging the United States Patent and Trademark Office, but Samsung may argue at a high level that PTO examiners are human beings who are not infallible and are subject to making mistakes, for example, as stated in the Federal Judicial Center Patent Process Video.

**6. Any reference to *Ex Parte* Review, *Inter-Partes* Review or Post-Grant Reexamination Proceedings.**

The parties will not present any comment, argument, testimony or evidence regarding any

*Ex Parte* Review, *Inter-Partes* Review or Post-Grant Reexamination proceeding, including commenting on the results, pendency, or lack thereof.

**7. Reference to Garrity Power as a "patent troll," "troll," "non-practicing entity," "patent assertion entity" or similarly disparaging labels or characterizations.**

The parties will not make any reference to Garrity Power as a "patent troll," "troll," "patent assertion entity," "non-practicing entity" or similarly disparaging labels or characterizations, but Samsung may argue, state, and otherwise refer to the fact that Garrity Power has never made or sold any products that practice the '067 patent nor had licensees that practiced the '067 patent.

**8. Any reference to enhanced damages or a potential attorneys' fee award.**

The parties will not present any comment, argument, testimony or evidence relating to enhanced damages or a potential attorneys' fee award.

**9. Assertions or suggestions that Samsung copied.**

Garrity Power will not present any comment, argument, testimony or evidence suggesting that Samsung copied from the '067 patent or Garrity Power.

**10. The doctrine of equivalents.**

Garrity Power will not present any comment, argument, testimony or evidence on the doctrine of equivalents.

**11. The geographic origin of counsel, the size of the parties' law firms, or the number of attorneys representing the parties.**

The parties will not make any reference to the geographic origin of counsel, the size of the parties' law firms, or the number of attorneys representing the parties.  This does not preclude mention of where counsel is from during jury selection.

**12. A witness's choice to testify in his or her native language.**

The parties will not make any reference to a witness's choice to testify in his or her native

language.

### 13. Derogatory, Pejorative or Prejudicial Statements about Samsung as a foreign company or the origins of COVID.

Garrity Power will not make any derogatory, pejorative or prejudicial statements about (a) Samsung being a foreign or Korean company or (b) any suggestion that COVID originated from an Asian country.

### 14. Emphasizing the ethnicity, nationality or place of residence of any party or witness.

The parties will not make any statements emphasizing the ethnicity, nationality or place of residence of any party or witness.

### 15. Attempt to read or show the jury irrelevant exchanges between counsel.

The parties will not refer to, attempt to read, or show the jury any irrelevant exchanges between counsel during depositions, including attorney objections and colloquy.

### 16. Comparisons of the burden of proof in this case to other areas of law.

The parties will not analogize or compare the burden of proof in this case to situations arising in other areas of law, including family or criminal law.  No party shall contradict or redefine the Court's instructions on the burden of proof.

### 17. Pre-trial discovery disputes between the parties.

The parties will not present any comment, argument, testimony or evidence relating to any pre-trial discovery disputes between the parties.

### 18. Opinion of counsel.

Garrity Power will not make any argument, including via inference or implication, that Samsung willfully infringes because Samsung did not obtain an opinion of counsel letter.  Garrity Power will not present any argument, evidence, testimony, insinuation, reference, or assertion that

Samsung had a duty to obtain opinion of counsel.

> **19. Unrelated legal proceedings or unrelated disputed matters between a Defendant and any third party.**

The parties will not present any argument, evidence, testimony, insinuation, reference, or assertion relating to any litigations, rulings, or accusations against Defendants in unrelated legal proceedings or unrelated disputed matters between a Defendant and any third party.  This does not preclude argument, evidence, testimony, or reference to any disputes that resulted in the license agreements considered by either damages expert in this case (SAMGPS00077525 – SAMGPS00077601), subject to other objections the parties may have regarding the use of the agreements.

> **20. Samsung's total market capitalization, revenues or profits.**

The parties will not present any comment, argument, testimony or evidence relating to Samsung's total market capitalization or total revenues or profits, including from sales of products not accused in this case.  This does not preclude any opinions in the damages expert reports that have been served in this case to date.

> **21. General disparagement of Samsung.**

Garrity Power will not present any comment, argument, testimony or evidence that generally disparages Samsung, including making any reference to conglomerate, corruption, fraud, or any criminal lawsuit involving any Samsung executive.

> **22. No reference to stealing by Defendants.**

Garrity Power will not present any comment, argument, testimony or evidence that refers to or suggests stealing by Samsung.

## XIV.   ADDITIONAL MATTERS

**Garrity Power's Additional Matters**:

**1. Defendants' Position That They Can Present an Invalidity Case Concerning the Fulton Device for Claims 8, 10, 11, 12 and 17 Solely Through Fact Witnesses and Attorney Argument:** Garrity Power recently learned that Defendants will advance the position that they can argue that claims 8, 10, 11, 12 and 17 are invalid in light of the Fulton device based solely on fact witnesses and attorney argument. Garrity Power submits this is improper. The Court struck Defendants' obviousness contentions with respect to the Fulton device. Dkt. 168 ("Defendants Motion is DENIED with respect to Defendants' newly revised and previously undisclosed obviousness theories related to the Fulton System . . . Accordingly, Items 273-81 of Dkt. No. 122-3 are hereby STRICKEN."). Moreover, Defendants' expert did not offer any opinion that these claims are anticipated by the Fulton device or that the device alone renders these claims obvious. Thus, Defendants have no Fulton-based invalidity theories for these claims that are properly in the case. The Federal Circuit is clear that in cases – like the present case – that involve complex technology, expert testimony is necessary with respect to allegations of invalidity.[3] Moreover, as this Court has previously held, prior art fact witnesses cannot testify as to invalidity and cannot be a "stand-in" or "replacement" for an expert.[4] Thus, Defendants cannot use their two fact witnesses – Mr. Moes and Mr. Baarman – to present a colorable prior art defense with respect to the Fulton device for claims 8, 10, 11, 12 and 17 in the absence of expert testimony and should be precluded from attempting to do so. These witnesses cannot testify to invalidity, they were not disclosed as

---

[3] *AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1329 n. 7 (Fed. Cir. 2007); *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1370 (Fed. Cir. 2004); *In the Matter of Certain Audio Processing Hardware, Software, & Prod. Containing Same*, Inv. No. 337-TA-1026, Order No. 57, 2017 WL 4216994, at *1-2 (Aug. 15, 2017).

[4] *HVLP02, LLC v. Oxygen Frog, LLC*, 949 F.3d 685, 689 (Fed. Cir. 2020); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1361-63 (Fed. Cir. 2008); *SSL Servs., LLC v. Citrix Sys., Inc.*, 940 F. Supp. 2d 480, 500 (E.D. Tex. 2013), *aff'd*, 769 F.3d 1073 (Fed. Cir. 2014); *Acorn Semi, LLC v. Samsung Elecs*, No. 2:19-cv-00347-JRG, Dkt. 331 at *11 (E.D. Tex. Apr. 29, 2021); *Cioffi v. Google LLC*, No. 2:13-cv-00193-JRG, 2021 WL 3781950, at *4 (E.D. Tex. Aug. 26, 2021).

experts under Rule 26(a)(2)(B), and they were not disclosed as Rule 26(a)(2)(C) witnesses with specialized knowledge with an accompanying "summary of the facts and opinions" to which they will testify. Defendants' have no avenue to present a Fulton-based invalidity case with respect to claims 8, 10, 11, 12 and 17.[5]

**Defendants' Additional Matters**:

**1. Plaintiff's Persistence in Arguing Rejected Claim Constructions and Waived DOE Arguments Regarding "Magnetic Core Piecepart":** The Court construed "magnetic core piecepart" to be "core piece that is made of magnetic material." Dkt. 102 at 19. In doing so, the Court rejected Garrity Power's claim construction argument that a "magnetic core piecepart" must "concentrat[e] magnetic flux" or "concentrat[e] magnetic flux in a transformer." *Id.* at 8. Garrity Power also waived any arguments under the doctrine of equivalents. See Agreed MIL 10. Despite the rejection of its claim construction and its waiver of arguments under the doctrine of equivalents,

---

[5] **Samsung's Response:** Garrity Power realizes that its attempt to preclude David Baarman and Ben Moes—the creators of the Fulton System—from testifying about facts within their personal knowledge regarding the Fulton System is meritless. As percipient witnesses, Messrs. Baarman and Moes are permitted to testify concerning their personal knowledge of the development and operation of the Fulton System, which they invented and publicly displayed two years before the filing of the patent-in-suit here. *See, e.g.*, *Innovation Sciences v. Amazon*, No. 4:18-cv-474, 2021 WL 2075677, at *10 (E.D. Tex. May 24, 2021). Recognizing as much, Garrity Power has now pivoted to an argument that expert testimony is required to present an invalidity theory. But Garrity Power is wrong on the law. As this Court has made clear, expert testimony is not required to show invalidity. *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-1015-JRG, 302 F. Supp. 3d 813-14 (E.D. Tex. Mar. 23, 2018) (finding testimony from fact witness regarding prior art system sufficient for invalidity and stating that "[t]here is no '[r]igid preventative rule[]' that requires *expert* testimony as to each element for an anticipation finding to be reasonable or supportable. . . . Such a rule would 'deny factfinders recourse to common sense.'") (emphasis in original) (citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007)); *see also Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1370 (Fed. Cir. 2004) (stating, in the context of infringement, that there is no per se rule that expert testimony is required when the art is complex). The case law cited by Garrity Power does not change the result as none of those cases support the proposition that expert testimony is *per se* required for invalidity. Moreover, Garrity Power's argument ignores that Dr. Zane's invalidity expert report includes testimony regarding the Fulton System for each of the claims at issue in this additional matter.

Garrity Power has persisted in arguing that the shielding sheet in Samsung's products is a magnetic core piecepart because it performs the same function of concentrating magnetic flux.  For example, Garrity Power's technical expert testified during his deposition that a magnetic core piecepart concentrates magnetic flux and that geometry or materials did not matter because "all of this is in the context of concentrating flux to improve the performance or function of a transformer," as Samsung detailed in its MIL 5.  Dkt. 188 at 6.  This argument is both contrary to the Court's claim construction and a transparent attempt to rely on the doctrine of equivalents—which under one formulation asks whether the component of the accused product at issue performs substantially the same function as the claim element, in substantially the same way to obtain the same result.  Garrity Power should not be permitted to make such arguments because the Court rejected its claim construction and Garrity Power waived arguments under the doctrine of equivalents.[6]

**2. Any Argument from Plaintiff that the Inner Workings of the Fulton System Needed to be Publicly Displayed:** Samsung expected that Garrity Power would improperly rely on third party Amway's designation of the Fulton System and corresponding technical documentation as confidential under the protective order as evidence that it had been maintained in confidence or secrecy and thus was never publicly used under 35 U.S.C. § 102.  *See* Dkt. 188 at 7.   But on November 19, 2021, Amway told Samsung that it was no longer designating the Fulton System and corresponding technical documentation as confidential under the protective order in this case, which Samsung conveyed to Garrity Power shortly thereafter.  With this de-designation, Garrity

---

[6] **Garrity Power's Response**: This purported issue already appears in Defendants' Motion to Strike (Dkt. 137 at p. 14) and in Defendants' Motion *In Limine* No. 5. It is fully briefed in connection with Dkt. 137, and there is no need to reargue it here.  Garrity Power is not advancing a doctrine of equivalents theory. Nor is it contradicting the Court's claim construction. Claim 1 requires not just a MCP but a MCP that is "configured to . . . form a transformer." Garrity Power's arguments that Defendants want to strike concern the "form a transformer" limitation and not the construction of the MCP term.

Power has no argument under the law that the Fulton System was not publicly used at the Consumer Electronics Show ("CES") in Las Vegas in January 2013. *Zenith Elec. v. PDI Commc'n Sys.*, 522 F.3d 1348, 1356 (Fed. Cir. 2008) (rejecting argument that a public use had to be enabling and stating that the only determination is "whether the public use related to a device that embodied the invention"). Videos of the public use, contemporaneous articles and testimony, and the testimony of the device's creators all show its public use; Garrity Power has no contrary evidence. Despite this law and these facts, Garrity Power insists on being able to argue to the jury that the Fulton System fails to invalidate the '067 patent because the inner circuitry of the Fulton System itself was not displayed at CES. Such an argument is contrary to the law regarding public use, and Garrity Power should be precluded from making it.[7]

  **3. Claim 15 and a Second Coil:** During the *Markman* process, the parties entered an agreement with respect to the scope of Claim 15 as it relates to a second coil. While the parties attempted to memorialize that agreement as an agreed MIL, they have been unable to reach agreement on the exact language. Samsung contends that the agreement should be that "Garrity Power agrees that claim 15 does not require a second coil and will not present argument or evidence that claim 15 requires a second coil." That language is based on the parties' email

---

[7] **Garrity Power's Response**: Changing the designation of previously documents concerning a purported prior art system a month before trial has no bearing on this case. The only thing that was shown at CES was the Fulton device. No confidential documents concerning the Fulton device were publicly available and those documents are thus not prior art. Defendants cannot turn admittedly non-prior art documents into prior art after the fact. Moreover, it is not enough that the public have some general, high-level knowledge of the existence of the asserted system. For prior public knowledge or use of a system to constitute prior art, the features that allegedly disclose claim limitations must be publicly accessible, a question the jury will decide. *See, e.g.*, *Dey, L.P. v. Sunovion Pharms., Inc.*, 715 F.3d 1351, 1357 (Fed. Cir. 2013) (recognizing that a reasonable jury could find that the particulars of its invention—embodied in the formulation and stability characteristics of Batch 3501A—were kept sufficiently confidential to avoid a finding of "public use."); *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997) (finding a public use constituted prior art only when it "place[d] *the claimed features* of the (asserted) patent in the public's possession) (emphasis added).

correspondence making the agreement during the *Markman* process.  Garrity Power insists on including "both parties," but that language would suggest that Samsung is waiving an enablement and written description argument Samsung intends to make.  Samsung is willing to and will continue conferring with Garrity Power to try to reach an agreement on the exact language.

## XV.    CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Subject to the outstanding motions, full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

> (a) is in existence;

> (b) is numbered;

> (c) will be disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys For Plaintiff:          /s/ _____

Attorneys for Defendants:         /s/ _____

This Joint Pre-Trial Order is hereby Approved this _____ day of _____, 2021.


_____

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

Dated:  November 22, 2021                     /s/ *Marc Belloli*

Marc Belloli (pro hac vice)
mbelloli@feinday.com
M. Elizabeth Day
CA Bar No. 177125
(Admitted to Practice in E.D. Texas)
eday@feinday.com
David Alberti (pro hac vice)
dalberti@feinday.com
Nicholas Martini (pro hac vice)
nmartini@feinday.com
Jerry D. Tice II
Texas Bar No. 24093263
jtice@feinday.com
FEINBERG DAY KRAMER ALBERTI LIM
TONKOVICH & BELLOLI LLP
577 Airport Blvd., Ste 250
Burlingame, CA. 94010
Tel: 650 825-4300
Fax: 650 460-8443

Elizabeth L DeRieux
CAPSHAW DERIEUX LLP
114 E Commerce Avenue
Gladewater, TX 75647
(903) 845-5770
Email: ederieux@capshawlaw.com

Deron R Dacus
Texas Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: 903 705-1117
Fax: 903 581-2543
ddacus@dacusfirm.com

Attorneys for Plaintiff

Dated: November 22, 2021          /s/ *Alan M. Soobert*

Allan M. Soobert (VA Bar No. 35817)
allansoobert@paulhastings.com
Jeffrey A. Pade (VA Bar No. 45725)
jeffpade@paulhastings.com
(*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served via the Court's CM/ECF system on

November 22, 2021, on all counsel of record who have consented to electronic service.

*/s/ Marc Belloli*