# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GARRITY POWER SERVICES LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § CIVIL ACTION NO. 2:20-CV-00269-JRG <br> § <br> SAMSUNG ELECTRONICS CO. LTD, § <br> SAMSUNG ELECTRONICS AMERICA, § <br> INC., § <br> § <br> *Defendants*. § | |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned matter on Monday, November 29, 2021 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Garrity Power Services LLC ("Plaintiff" or "Garrity") and Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America Inc. (collectively, "Samsung" or "Defendants") (collectively, the "Parties"). (Dkt. Nos. 133–38, 187, 188, 202). This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced into the record,[1] including additional instructions that were given to the Parties. Although this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

---

[1] As of the filing of this Order, the transcript for the Pretrial Conference had not yet been submitted on the docket. The Court therefore cites to the transcript using "PTC Tr." instead of a docket document number.

## PRETRIAL MOTIONS

1. **Garrity's Opposed Motion to Strike and Exclude Undisclosed Evidence of a Design Around and Costs Relied Upon by Defendants' Rebuttal Damages Expert, Dr. Lynde (Dkt. No. 133)**

   The motion was **DENIED**.  (PTC Tr. at 34:18–35:8).  The Court found that the material at issue could be fairly addressed through cross-examination.  Plaintiff had an opportunity to address the material at issue with a supplemental report but chose not to do so.  The strategic choice to wait until pre-trial to request exclusion of the material indicates that Plaintiff was not so prejudiced as to warrant exclusion.

2. **Garrity's Motion to Strike Defendants' Undisclosed Obviousness Combinations (Dkt. No. 134) and Garrity's Motion to Strike the Expert Report of Dr. Regan Zane as it Relates to the Fulton Device (Dkt. No. 136)**

   The motions were **GRANTED**.  (PTC Tr. at 45:23–46:24).  The Court found that although there may have been early disclosures of the prior art references, Defendants failed to disclose the specific combinations asserted.  Failure to identify specific invalidity combinations in a timely manner is insufficient.  Plaintiff previously challenged Defendants' Motion to Amend (Dkt. Nos. 122, 128) and the Court declined to grant Defendants leave to amend (Dkt. No. 168).

   Consistent with its previous ruling, the Court struck the corresponding paragraphs of Dr. Zane's Report (¶¶ 36, 188, 190–94, 196, 213, 216, 218–22, 224–31, 233–57, 259–307, 310, 311, 313, 315–20) that relate to the twenty-one new obviousness invalidity theories not timely disclosed.  The new evidence on the prior art system may be presented in a manner consistent with the Court's previous ruling (Dkt. No. 168).  The Court clarified that this ruling does not prevent Dr. Zane from opining on anticipation theories not at issue in Plaintiff's motions. (PTC Tr. at 64:5–68:5).

3. **Garrity's Motion to Strike Certain Opinions of Dr. Lynde Under Federal Rule of Evidence 702 (Dkt. No. 135)**

The motion was **DENIED**. (PTC Tr. at 61:25–63:23). Dr. Lynde's report does not fail to put forth any theory on economic comparability although the theory put forward is conclusory. The Court declined to grant Plaintiff's relief based on a lack of economic comparability, but the Court noted that Dr. Lynde will be constrained to the four corners of his report when opining on economic comparability. The Court concluded that there is not such an absence of economic comparability in Dr. Lynde's report to justify absolute exclusion.

With regard to the methodology, the Court found that although Dr. Lynde does engage in patent counting, Dr. Lynde's report provides more than the simple patent counting performed in *Personalized Media Commcn's, LLC v. Apple, Inc.*, Case No. 2:15-cv-01366, 2021 WL 662237, at *6-7 (E.D. Tex. Feb. 20, 2021) ("*PMC*"). The Court explained that *PMC* is not a prohibition on all patent counting but a prohibition on patent counting alone and without more. Here, however, the Court noted that there is enough additional analysis taken with such counting as a whole to support Dr. Lynde's opinions. On balance, the Court found that Dr. Lynde's opinions are not excludable. Defendants will be held to the four-corners of Dr. Lynde's report and vigorous cross examination is an adequate remedy to address challenges to Dr. Lynde's opinions.

4. **Samsung's Motion to Strike or Exclude Portions of the Expert Reports of David S. Ricketts Ph.D. (Dkt. No. 137)**

Regarding whether Dr. Ricketts presents new infringement theories regarding "burst mode," the motion was **DENIED**. (PTC Tr. at 93:20–94:4). The Court found it improper to limit an expert's testimony based on the testimony of an inventor.

Regarding whether Dr. Ricketts presents new infringement theories regarding "resonant capacitor," the motion was **DENIED**. (PTC Tr. at 94:5–10). The Court found it permissible for

Plaintiff provide more specificity in its infringement positions without changing its infringement theories.

Regarding whether Dr. Ricketts's analysis of the accused product uses unreliable methodology, the motion was **DENIED**. (PTC Tr. at 94:11–17). The Court found that Defendant's objections can be adequately addressed through cross examination.

Regarding whether Dr. Ricketts's opinions are improper comments on fact witness credibility, the motion was **DENIED**. (PTC Tr. at 94:18–95:25). The Court noted that Dr. Ricketts makes a universal statement in paragraph 149 of his report that the testimony is insufficient for anyone. While, the Court declined to strike any portions of Dr. Ricketts's report, the Court affirmatively instructed that Dr. Ricketts must condition his testimony before the jury during trial to what is or is not sufficient or credible *in his own opinion*. He must not offer testimony as to universal statements regarding the credibility of a witness's testimony outside of his own personal opinion.

Regarding whether Dr. Rickets opinions improperly attempt to revive a rejected claim construction, the motion was **DENIED**. (PTC Tr. at 96:1–17). The Court found that Dr. Ricketts's opinions do not directly contradict the Court's claim construction. The Court noted that no witness will be permitted to contravene the Court's construction, but the Court viewed the paragraphs in question of Dr. Ricketts report as stating that Defendants' expert has not shown how a particular claim limitation is met. The Court found that such was not subject to being struck.

Regarding whether Dr. Ricketts provides support for Dr. Weinstein's apportionment, the resolution of the motion was controlled by the Court's resolution of Dkt. No. 138. (PTC Tr. at 96:18–23).

5. **Samsung's Motion to Exclude Opinion and Testimony of Plaintiff's Damages Expert Roy Weinstein (Dkt. No. 138)**

With regard to all issues, the motion was **DENIED**. (PTC Tr. at 124:8–19). The Court found that all of Defendants' challenges could be addressed by vigorous cross examination. The Defendants' arguments primarily go to the weight that should be afforded to Mr. Weinstein's opinions such that the exclusion is improper.

## MOTIONS *IN LIMINE*

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.    AGREED MOTIONS *IN LIMINE* (Dkt. No. 202)**

The following MILs 1-22 in the Joint Pre-Trial Order Dkt. No. 202 as well as Plaintiff's MILs 1–7 (Dkt. No. 187) were **GRANTED AS AGREED** (PTC Tr. at 127:17–128:4):

| | |
|---|---|
| Agreed MIL 1 | **References to any pretrial rulings (or lack of rulings) by the Court except claim construction.** |
| Agreed MIL 2 | **References to whether any testimony or opinions of either party's experts have been excluded or found unreliable in this or any other lawsuit.** |
| Agreed MIL 3 | **Suggestion of fault of any party regarding timing of trial, jury service, inconvenience to jurors as related to the pandemic.** |
| Agreed MIL 4 | **Arrangements with counsel.** |
| Agreed MIL 5 | **Any attempt to disparage the USPTO.** |
| Agreed MIL 6 | **Any reference to Ex Parte Review, Inter-Partes Review or Post-Grant Reexamination Proceedings.** |
| Agreed MIL 7 | **Reference to Garrity Power as a "patent troll," "troll," "non-practicing entity," "patent assertion entity" or similarly disparaging labels or characterizations.** |
| Agreed MIL 8 | **Any reference to enhanced damages or a potential attorneys' fee award.** |
| Agreed MIL 9 | **Assertions or suggestions that Samsung copied.** |
| Agreed MIL 10 | **The doctrine of equivalents.** |
| Agreed MIL 11 | **The geographic origin of counsel, the size of the parties' law firms, or the number of attorneys representing the parties.** |
| Agreed MIL 12 | **A witness's choice to testify in his or her native language.** |
| Agreed MIL 13 | **Derogatory, Pejorative or Prejudicial Statements about Samsung as a foreign company or the origins of COVID.** |
| Agreed MIL 14 | **Emphasizing the ethnicity, nationality or place of residence of any party or witness.** |

| | |
|---|---|
| Agreed MIL 15 | **Attempt to read or show the jury irrelevant exchanges between counsel.** |
| Agreed MIL 16 | **Comparisons of the burden of proof in this case to other areas of law.** |
| Agreed MIL 17 | **Pre-trial discovery disputes between the parties.** |
| Agreed MIL 18 | **Opinion of counsel.** |
| Agreed MIL 19 | **Unrelated legal proceedings or unrelated disputed matters between a Defendant and any third party.** |
| Agreed MIL 20 | **Samsung's total market capitalization, revenues or profits.** |
| Agreed MIL 21 | **General disparagement of Samsung.** |
| Agreed MIL 22 | **No reference to stealing by Defendants.** |

## II.   PLAINTIFF'S OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 187)

Plaintiff's MIL 8    **Assertions that no other manufacturer has made or is making products according to the patent.**

The MIL was **GRANTED**. (PTC Tr. at 130:9–22). The Court noted that this MIL is mutual and applies to both Parties. The Court will exercise its gatekeeping role and a party may seek leave of Court should the other open the door on this issue.

Plaintiff's MIL 9    **Assertions that Garrity Power has not asserted claims for infringement of the patent-in-suit against any other manufacturers.**

The MIL was **GRANTED AS AGREED**. (PTC Tr. at 130:21–131:9).

Plaintiff's MIL 10    **Preclude evidence of previously asserted claims that were dropped from the case.**

The MIL was **GRANTED AS AGREED**. (PTC Tr. at 131:11–132:25). The Parties agreed that the Defendants will not argue or suggest that claims have been dismissed or dropped. Defendants may, however, address other relevant grounds related to the previously asserted claims.

Plaintiff's MIL 11    **No evidence or argument regarding prior art references not discussed in Defendants' expert reports.**

The MIL was **WITHDRAWN**. (PTC Tr. at 133:1–7).

<u>Plaintiff's MIL 12</u>     **No evidence or argument that is contrary to the Court's claim construction for claims 9 and 12.**

The MIL was **DENIED**. (PTC Tr. at 134:9–25). The Court instructed the Parties to raise objections related to any expert testimony that is outside the boundaries of their report should such arise at trial.

<u>Plaintiff's MIL 13</u>     **No evidence or argument that the Fulton device anticipates or renders obvious claims 8, 10, 11, 12 and 17 of the '067 patent.**

The MIL was **DENIED**. (PTC Tr. at 144:6–145:3). The Court instructed that Defendants' expert witnesses are not to testify outside the four corners of their reports and that fact witnesses may not testify outside their personal knowledge of the prior art.

<u>Plaintiff's MIL 14</u>     **No demonstration, testimony or evidence of a currently working Fulton device to wirelessly charge another device.**

The MIL was **GRANTED**. (PTC Tr. at 147:20–149:23). The Court will exercise its role as a gatekeeper to ensure that no surprise or unfair prejudice occurs with respect to the Fulton device at trial. The Court will review, outside the jury's presence, any demonstratives or evidence related to the Fulton device in the context of fact and expert witness testimony presented at trial.

<u>Plaintiff's MIL 15</u>     **No evidence or argument that an award of damages might increase product prices, impact employees or economically injure a party.**

The MIL was **GRANTED AS AGREED**. (PTC Tr. at 149:24–150:6).

<u>Plaintiff's MIL 16</u>     **Preclude Defendants' designation of deposition testimony of their own witnesses, rather than calling them live at trial.**

The MIL was **DENIED**. (PTC Tr. at 150:13–154:2). The Court finds that Fed. R. Civ. P. 32 properly addresses the concerns raised by Plaintiff in this MIL. The Court will conduct such analysis at the time Defendants' attempt to call an allegedly unavailable witness by deposition.

Plaintiff's MIL 17   **No evidence or argument that Defendants (1) are "practicing the prior art," (2) do not infringe because they have their own patents, and/or (3) patented the wireless charging feature in the accused products as a defense to infringement.**

The MIL was **GRANTED**. (PTC Tr. at 157:21–159:12). The Court clarified that the MIL was granted as written. However, should Plaintiff open the door to the concept of inventing bi-directional wireless charging, the Defendants may address, with prior leave of the Court, what has been opened. Additionally, this MIL does not preclude Dr. Zane from testifying within the four-corners of his export report.

### III. DEFENDANTS' OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 188)

Defendants' MIL 1   **No amplifying or otherwise expounding on the burden of proof.**

The MIL was **GRANTED AS AGREED**. (PTC Tr. at 159:15–163:1). The Parties agreed that Plaintiff will not contradict or redefine the burden of proof. The Court noted that it will instruct the jury on the applicable burdens of proof and instructed that the Parties may not deviate or contradict the Court's instructions on the burdens of proof. The Court also noted that counsel can reference—when presenting evidence and arguments—the Court's instructions on the burdens of proof.

Defendants' MIL 2   **No referencing or criticizing the identity, presence, or absence of corporate representatives, or parties' employees or officers in the courtroom.**

The MIL was **GRANTED AS AGREED**. (PTC Tr. at 159:15–164:13). The Court noted that Plaintiff will not make reference to Defendants' failure to call to trial any particular witnesses.

Defendants' MIL 3  **No references to or argument regarding the expert report drafting process and communications between an expert and counsel.**

The MIL was **GRANTED AS AGREED**. (PTC Tr. at 159:15–160:6). The Parties agreed that there should be no testimony, evidence, or argument on the mechanics of the expert report drafting process, including any consultation with lawyers.

Defendants' MIL 4  **No evidence, argument, or suggestion relating to documents allegedly not produced during discovery.**

The MIL was **GRANTED**. (PTC Tr. at 168:20–169:7). The Court noted that expert witnesses may not testify outside the four corners of their reports. However, if one party, through counsel or witnesses, opens the door to an issue about a lack of produced discovery on cross examination, with prior leave and guidance given, the Court will not preclude a fair rejoinder should it appear to the Court that the door has been opened.

Defendants' MIL 5  **No evidence, testimony, or argument contrary to the claim constructions in this case.**

The MIL was **DENIED**. (PTC Tr. at 170:11–19). The Court noted that this is addressed by a separate agreed MIL and found that the Court's previous rulings control the outcome of this MIL.

Defendants' MIL 6  **No references to the confidentiality designation of any document.**

The MIL was **DENIED**. (PTC Tr. at 173:19–22). The Court noted that Plaintiff agreed on the record to refer to Samsung documentation as Samsung "internal" documentation and avoid referencing the status of the documents classified as "confidential" for the purposes of this litigation.

Defendants' MIL 7     **No evidence, argument, or suggestion that Samsung doesn't care about intellectual property.**

The MIL was **GRANTED**. (PTC Tr. at 178:4–179:5). The Court determined that it will be an active gatekeeper. Prior leave of Court must be obtained to go into this issue before the jury.

Defendants' MIL 8     **No infringement theories not disclosed in infringement contentions.**

The MIL was **DENIED**. (PTC Tr. at 179:13).

Defendants' MIL 9     **No evidence, argument, or testimony regarding licenses that the parties agree are not comparable.**

The MIL was **DENIED**. (PTC Tr. at 179:20–181:21). The Parties agreed that neither shall seek to offer "evidence, argument, or testimony regarding the amount of any licenses that the parties agree are not comparable." The Parties agreed that they may introduce such license agreements and the form of the agreements, but not the amount. The Parties acknowledged that the monetary amount in such licenses will be redacted.

Defendants' MIL 10     **No evidence, argument, or testimony that a failure to award damages or an invalidity finding could economically injure Garrity.**

The MIL was **GRANTED AS AGREED**. (PTC Tr. at 182:22–23).

Defendants' MIL 11     **No reference to trespass.**

The MIL was **WITHDRAWN**. (PTC Tr. at 182:24).

Defendants' MIL 12     **No evidence, argument, or testimony regarding pre-suit communications.**

The MIL was **WITHDRAWN**. (PTC Tr. at 182:24–25).

Defendants' MIL 13     **No references to "vaporware."**

The MIL was **DENIED**. (PTC Tr. at 184:11–19).

Defendants' MIL 14     **No reference to out-of-context analogies regarding the "encircling" claim term.**

The MIL was **DENIED**. (PTC Tr. at 188:4–189:1). The Court noted that it will not preclude either party from presenting testimony on the plain and ordinary meaning of the "encircling" term.

**So ORDERED and SIGNED this 10th day of December, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

## **ADDITIONAL ISSUES**

The Parties raised several additional issues in their Joint Pre-Trial Order. (Dkt. No. 202). Regarding Additional Matter 3, the Court noted that it will hold the Parties to their previous agreement and preclude either from taking a position before the jury that Claim 15 requires more than a single coil. (PTC Tr. at 194:19–195:5).