# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GARRITY POWER SERVICES LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-cv-00269-JRG |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**DEFENDANTS' OPPOSED MOTION TO CONTINUE TRIAL AND FOR EXPEDITED BRIEFING**

███████████████████████████████████████████████████

I.      INTRODUCTION

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") respectfully move the Court for short continuance (*e.g.*, for two weeks) of the trial currently scheduled to begin on January 3, 2022, based on Samsung's technical expert testing positive for COVID-19 ███████████████████ and █ ████████████████████████████████. Samsung met and conferred with Garrity Power Services LLC ("Garrity Power") on December 28, 2021, and Garrity Power stated that it opposes this motion.  Given the imminent trial date of January 3, 2022, Defendants further request expedited briefing and for Plaintiff's opposition brief to be due December 29, 2021 with no further briefing.

II.     SAMSUNG'S TECHNICAL EXPERT'S DIAGNOSIS AND ███████ WILL PREVENT HIM FROM PREPARING FOR AND ATTENDING TRIAL

Samsung's technical expert on noninfringement and invalidity, as well as other topics, will not be able to prepare for trial based on ███████████████████████████ and will be prevented from traveling to Marshall to attend trial. █████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████ Decl. ¶ 4. ████████████████████████████████████████, he took a COVID-19 test, which came back positive.  Decl. ¶ 5.  He promptly informed counsel for Samsung (Decl. ¶ 5), and Samsung subsequently notified both Garrity Power and the Court's clerk via phone.

████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ Decl. ¶ 8. ██████████ ████████████████████████████████████████████████████

███████████████ Decl. ¶ 7; Soobert Decl. ¶ 6.

Samsung's expert's condition next week is currently unknown, but even assuming that he were to improve to the point of being physically able to travel, airline policies and local health authority directives will prevent him from attending trial. Samsung's expert is self-isolating at ██████████████ Decl. ¶ 9. According to ████ health authorities, persons who have tested positive for COVID-19 and had ████████ "should stay isolated from other people until you have been fever-free, and your symptoms have gotten better for at least 3 days and it has been at least 10 days since you first got sick." Ex. 1. Samsung's expert, unfortunately, continues to have ██████████████████ and therefore it is uncertain when his isolation period will end.[1] Even assuming Samsung's expert were to be ████████ free as of tomorrow, December 29, 2021, airline policies requiring him to be ████████ free for 10 days would prohibit him from flying until after trial is concluded. See https://www.aa.com/i18n/travel-info/coronavirus-updates.jsp ("When you check-in for your trip you'll be asked to confirm you've been free of COVID-19 symptoms for the past 10 days."); https://www.united.com/ual/en/us/fly/travel/what-to-expect.html ("You have reviewed CDC guidelines on the symptoms of COVID-19 and have not

---

[1] Samsung is aware of the December 27, 2021 guidance from the CDC suggesting that the isolation time for persons diagnosed with *asymptomatic* COVID-19 can be shortened from the current 10 days to 5 days. ███████████████████████████████████████████████████████████████████████████████████████████████████████████ And notwithstanding any changes to CDC guidelines, ████ health guidelines and the airline restrictions on travel remain as stated in this motion.

experienced any in the last 10 days.") (footnotes omitted); https://www.delta.com/us/en/travel-planning-center/know-before-you-go/safety-commitment ("We are also requiring all customers to confirm at check-in that they and any persons in their itinerary do not have symptoms of, have not knowingly been exposed to, and have not been diagnosed with COVID-19 in the past 10 days, and that they will wear a face mask throughout their travel, even if they have been vaccinated."); https://www.southwest.com/airline-cleanliness-social-distance/ ("Please stay at home and do not travel if you have recently been diagnosed with, are currently experiencing symptoms of, or have been in close contact with someone who has COVID-19 in the past 10 days.") (Ex. 2).[2]

### III. SAMSUNG WILL SUFFER SIGNIFICANT PREJUDICE IF THE CASE GOES FORWARD AS SCHEDULED, WHILE GARRITY POWER WILL NOT BE PREJUDICED BY A SHORT CONTINUANCE

Samsung will suffer significant prejudice if the case goes forward as scheduled for at least three reasons.  ***First***, as explained above, Samsung's technical expert is unavailable for trial due to his medical condition, guidance from health authorities, and airline policies. The prejudice to Samsung if its technical expert is unable to testify in a patent case is readily apparent. Beginning a jury trial on the assumption that Samsung's technical expert will recover in time also risks a mistrial if his ▓▓▓▓▓▓ persist (or worsen) and he is physically unable to attend.

***Second***, even if Samsung's technical expert were to recover and were to somehow get to Marshall before close of Samsung's case, Samsung would nonetheless be deprived of the

---

[2] Driving is not a feasible option because even if Samsung's technical expert were to recover the strength to undertake such a drive, it would be a multi-day process in the middle of winter; for example, Google Maps estimates that the driving distance and time for such a trip would be approximately 1,500 miles and 23 hours.  Ex. 3.  Such an arduous trip would not only take 2 to 3 days (further reducing any preparation time), it would also sap his energy and likely require some time to recover.  And having another person accompany him on such a journey is also impracticable as that would expose the additional person to close quarters travel with a COVID-19 infected person for an extended period of time.

opportunity to prepare for trial with its expert. As is common in complex patent cases, Samsung intended to spend the majority of the week before trial preparing with its technical expert in order to make a compelling, understandable presentation to the jury. Samsung's technical expert's ▮▮▮▮ now preclude that important preparation and—even if he were to recover and be able to travel to Marshall in time for trial—that lost preparation will significantly prejudice Samsung.

***Third***, as is also common, Samsung intended for its technical expert to personally witness the trial, including the testimony of the asserted patent's inventor and Garrity Power's technical expert—to whom many of Samsung's expert's opinions respond. But given current flying guidelines, he will not be able to be in Marshall to witness that testimony. While he could review the trial transcript, his absence from the trial diminishes his ability to compellingly respond to the trial testimony, including any visual demonstratives, and explain to the jury why, for example, he disagrees with the opinions that will be espoused by Garrity Power's technical expert. He will also be absent for the testimony of most—if not all—of Samsung's technical witnesses. For example, he will likely miss the testimony of Samsung's engineers and the inventors of the crucial prior art Fulton system. Samsung would, thus, suffer significant prejudice even if Samsung's technical expert were able to come to Marshall before the end of the trial.

In contrast, a short continuance will not prejudice Garrity Power. Garrity Power does not practice the asserted patent and is only seeking money damages. Should Garrity Power ultimately prove infringement, monetary relief will be sufficient to compensate Garrity Power for any damages and a short delay in those damages will not prejudice Garrity Power. Furthermore, Garrity Power will still be afforded a trial less than two years after filing its

complaint on August 17, 2020, which is faster than the average time-to-trial of 25.7 months in this Court. Ex. 4. The significant prejudice Samsung will suffer if the case goes forward on January 3, contrasted with the lack of prejudice that Garrity Power will experience, favors granting the brief continuance.

### IV. DENYING DEFENDANTS' MOTION WILL UNNECESSARILY RISK EXPOSING THE PUBLIC TO COVID-19

This is not a case where the risk of COVID-19 exposure is mere conjecture based on regional infection rates or abstract fears of contagion. Rather, this is a case where a witness critical to the defense has tested positive for COVID-19, ▮▮▮▮▮▮▮▮▮▮, and it is unknown whether he will be well enough to travel and/or not be contagious by the start of trial. Even assuming that Defendants' expert is well enough to travel and is physically able to attend the last day of trial, the Court should also weigh the risk to the public. Not only would Defendants' expert flying across the country risk harm to others during his travels to Marshall, but his presence in the courtroom, including what is likely to be a lengthy cross-examination by Plaintiff's counsel, would unnecessarily risk exposing witnesses, jurors,[3] court reporters, interpreters, bailiffs, security personnel, cleaning staff, clerks, and others. One or more of the individuals so exposed could fall into higher risk categories such as being over the age of 65, being pregnant, or having a medical condition.[4] Nor would knowing the vaccination of status of persons in the courtroom fully mitigate the risk. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Additionally, Defendants' expert will come

---

[3] Additional conundrums arise with respect to the jurors such as whether they should be told ahead of time that one of Defendants' witnesses recently contracted COVID-19, which would be extremely prejudicial to Defendants. At the same time, exposing jurors to COVID-19 while deliberately not telling them about the potential risk also seems problematic.

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

into contact will members of the local community whose vaccination status is unknown, such as hotel staff. Weighed against the risk to the public is the question of whether this trial must necessarily proceed on January 3, 2022 or if a short delay could substantially mitigate the risk.

## V.   CONCLUSION

For the reasons discussed above, Samsung respectfully requests that the Court grant a short continuance (*e.g.*, for two weeks) for the currently scheduled trial. Samsung further request expedited briefing and for Plaintiff's opposition brief to be due December 29, 2021 with no further briefing.

DATED:  December 28, 2021

Respectfully submitted,

By: */s/ Allan M. Soobert*
Allan M. Soobert (VA Bar No. 35817)
allansoobert@paulhastings.com
Jeffrey A. Pade (VA Bar No. 45725)
jeffpade@paulhastings.com
(*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 28, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                                              */s/ Allan M. Soobert*
                                              Allan M. Soobert

## CERTIFICATE OF CONFERENCE

On December 28, 2021, counsel for Garrity Power and Defendants engaged in meet and confer conferences pursuant to Local Rule CV-7(h). Garrity's counsel indicated that Garrity is opposed to the relief sought by Defendants' motion.

                                              */s/ Allan M. Soobert*
                                              Allan M. Soobert

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                                              */s/ Allan M. Soobert*
                                              Allan M. Soobert