▮

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GARRITY POWER SERVICES LLC,<br>       Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD, and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>       Defendants. | Civil Action No.: 2:20-cv-00269-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.'S REPLY IN SUPPORT OF
<u>OPPOSED MOTION TO CONTINUE TRIAL</u>**

▮

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Garrity's proposed remedy of having Samsung's technical expert sit for a remote trial deposition is unworkable and prejudicial to Samsung.  As this Court has recognized, "jury trials are innately human experiences," "[m]ore is often communicated in a courtroom non-verbally than verbally," "[s]uch a human experience must allow for the look and feel of direct human interaction," and "[s]uch factors as cadence, tone, inflection, delivery, and facial expression are as vital to due process as is the applicable statute or case law."  *Solas OLED Ltd. v. Samsung Display Co.*, No. 2:19-cv-152-JRG, Dkt. 302 at 3 n.4 (E.D. Tex. Nov. 20, 2020).  Based on these harmful effects of remote proceedings, this Court previously concluded that "the remote, sterile, and disjointed reality of virtual proceedings cannot at present replicate the totality of human experience embodied in and required by our Sixth and Seventh amendments."  *Id.*  Despite these inherent issues, Garrity proposes that one of Samsung's most important witnesses be presented via a remote trial deposition, which is prejudicial and unworkable for at least the following reasons.

***First***, a trial deposition does not address the prejudice that Samsung will suffer if Samsung's technical expert does not recover sufficiently in time to testify at all (by any means) and by not being able to properly prepare with its expert in this complex, patent case.  Samsung spoke briefly with its technical expert on December 29, 2021, to gather a status update, and he continues to ▇▇▇▇▇▇▇▇▇▇ that prevent him from even properly preparing for what will be a multi-hour direct examination and certainly vigorous and lengthy cross-examination—even remotely. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Dkt. 233-1 ¶ 8), and it is unclear when he will be recovered enough to properly prepare or if he will be recovered in time to testify at trial—even via remote trial deposition.

***Second***, even if Samsung's technical expert were to recover sufficiently to be able to appear by trial deposition, Samsung will be prejudiced by the unevenness between its expert appearing remotely by deposition and Garrity's expert appearing live in front of the jury. As noted above, this Court has recognized the issues and downfalls of remote testimony. As just one example, Samsung's expert will not be able to address the jury directly and instead will be staring into a computer screen. He will not be able to see the jury and gather those non-verbal cues of whether they are understanding his explanations. And the jury, likewise, will be hampered in gauging the non-verbal cues of the expert. These are issues that will only adversely impact Samsung, and that asymmetry presents great prejudice to Samsung's case and the administration of justice.

***Third***, even if that overarching prejudice could be overcome, a remote trial deposition for Samsung's technical expert presents numerous practical difficulties making it prejudicial and unworkable. For example, Samsung's expert intended to be in the courtroom to witness the testimony of the inventor of the '067 patent, Garrity's experts, Samsung's engineers, and the Fulton prior art system creators. Samsung's expert's testimony and opinions will either respond to or rely on the testimony of those witnesses. Even if he were to review the trial transcripts, Samsung will suffer significant prejudice by not having the jury able to see its expert in court each day listening to and digesting that testimony—particularly when Garrity's own experts will themselves assuredly be present for the duration of the trial. This also presents the practical difficulty that the remote trial deposition can only take place once all of those other witnesses testify. The trial will have to be stopped at that point—even if it is at the beginning or middle of a trial day—so that the parties can conduct the trial deposition. In addition to Samsung's technical expert relying on fact witnesses that precede his testimony, Samsung's damages expert will rely on the testimony of Samsung's technical expert on several issues, including the technical

comparability of licensed technology. If Samsung's technical expert does not appear live, the opinions of Samsung's damages expert will be undercut by his reliance on only the remote testimony.

And a trial deposition will likely be fraught with more than just technical issues. Any objections would have to be noted on the record and then resolved later by the Court, which could require the time consuming process of editing the deposition video before playing it.[1] Multiple physical devices and structures—such as the Fulton system—are also relevant to this case, which would further complicate remote testimony as Samsung currently intends for live, fact witnesses to also present the Fulton system; the device cannot simultaneously be in both Texas and ▓▓▓.

For the reasons above and in Samsung's motion, Samsung respectfully requests the brief continuance.

---

[1] Garrity has already foreshadowed in its opposition that it intends to renew its Fulton-related objections regarding Samsung's technical expert's opinions on claims 10–12. Dkt. 234 at 2. Additionally, Garrity completely ignores that he will be testifying on numerous other issues—for example, other prior art, noninfringement, and the technical comparability of licenses.

| | |
|---|---|
| DATED:  December 29, 2021 | Respectfully submitted,<br><br>By: */s/ Allan M. Soobert*<br>Allan M. Soobert (VA Bar No. 35817)<br>allansoobert@paulhastings.com<br>Jeffrey A. Pade (VA Bar No. 45725)<br>jeffpade@paulhastings.com<br>(*pro hac vice*)<br>PAUL HASTINGS LLP<br>2050 M Street NW<br>Washington, D.C. 20036<br>Telephone: 202-551-1700<br>Facsimile: 202-551-1705<br><br>Harry L. Gillam, Jr.<br>State Bar No. 07921800<br>gil@gillamsmithlaw.com<br>Melissa R. Smith<br>State Bar No. 24001351<br>melissa@gillamsmithlaw.com<br>James Travis Underwood<br>State Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>303 S. Washington Ave.<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 29, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

    */s/ Allan M. Soobert*
    Allan M. Soobert

-5-

## CERTIFICATE OF AUTHORIZATION TO SEAL

      I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                                                                          /s/ *Allan M. Soobert*
                                                                          Allan M. Soobert